SWANN, Judge.
Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company, the defendant below, appeals a final judgment entered following a jury verdict for the plaintiff, Morris Koltunovsky, for damages and attorney fees, in a suit to enforce provisions of a policy of insurance and to recover compensation for an alleged loss under the policy.
This case was originally tried without a jury, and final judgment was entered for the plaintiff at that time for $15,000.00, the face amount of the policy, and for attorney fees in the sum of $5,000.00. The defendant appealed and the cause was reversed and remanded, with directions to grant the defendant a new trial [Fla.App.1964, 166 So. 2d 462], Thereafter, the defendant’s motion for new trial and motion for jury trial were granted.
This cause was then tried again, before a jury, which returned a verdict in favor of the plaintiff for $5,000.00 damages and attorney fees of $3,250.00. The defendant’s post trial motions, including a motion for new trial and motion for judgment notwithstanding the verdict, were denied. The plaintiff’s motion for new trial on the issue of the inadequacy of the damages awarded was also denied.
The defendant has filed sixty-four assignments of error, but has chosen to present argument on only four points on appeal. The plaintiff has cross-assigned the inadequacy of the verdict by the jury as error, claiming that it was prejudiced by improper comments by counsel for the defendant, thereby causing a diminution in the amount of damages that the jury might have otherwise returned.
The defendant contends that the trial court erred in permitting cross-examination of a defense witness based upon a *452 transcript of testimony given by another witness at the first trial. This objection was waived, however, when the defendant’s counsel on re-direct examination interrogated the witness again as to the objectionable testimony, resulting in an abandonment of his objection. Killingsworth v. State, 1925, 90 Fla. 299, 105 So. 834.
The defendant next asserts that the trial court erred in not permitting an underwriter for another insurance company in the same area to testify concerning “underwriting principles and practices followed by the defendant insurance company and concerning underwriting principles and practices generally applicable in South Florida.” We find no error in this ruling as this witness was not associated with or employed by the defendant company and therefor could not testify as to their practices. Further, the “practices generally applicable in South Florida” were not relevant or má-terial to the specific issues in this cause.
The defendant also objects to the giving of an instruction to the jury, and claims error. The instruction was based upon an issue raised as a result of a charge of fraud by an affirmative defense in the defendant’s answer. This instruction complies with the applicable law involved. See Biscayne Boulevard Properties v. Graham, Fla.1953, 65 So.2d 858; Prudential Insurance Co. of America v. Whittington, Fla. App.1957, 98 So.2d 382.
Lastly, the defendant contends that it was deprived of a fair trial due to the comments and conduct of the trial judge. In Crews v. Warren, Fla.App.1963, 157 So. 2d 553, on page 561, Judge Sturgis made the following observations:
* * * * * *
“One who challenges a judgment or decree on the ground that acts of the trial judge prejudiced a fair and impartial trial assumes the heavy burden not only of showing the commission of an act that is inherently or under the peculiar circumstances of the case clearly of a nature prejudicial to his rights, but also of demonstrating that the act complained of produced a prejudicial effect. An adverse verdict standing alone, though an essential factor, is not conclusive evidence of the prejudice here asserted. The act complained of must be such as to produce a compelling inference that had it not occurred the jury would have returned a verdict more favorable to the aggrieved party. * * * ”
* * * * * *
No prejudicial effect has been shown, and the defendant herein has not met this heavy burden.
Turning to the plaintiff’s cross claim, we note that there was conflicting testimony before the jury from which various inferences might be drawn. However, the verdict and judgment were not shown to be grossly inadequate and the evidence does not show that it was induced by prejudice.
The judgment appealed from is therefore
Affirmed.