BOOTH, Judge.
This cause is before us on appeal from the final judgment of dissolution of marriage, entered in the Circuit Court, Alachua County. The judgment dissolves the marriage “a vinculo matrimonii,” and then provides:
“Neither Ervin H. Hilderbran nor Shirley Faye Hilderbran shall remarry for a period of four (4) years subsequent to the date of this judgment.”
At the outset, we note that the judgment is inconsistent in itself. The dissolution, granted “a vinculo matrimonii” from the bonds of matrimony, or absolutely, is subsequently limited by prohibiting remarriage. A limited divorce, “a mensa et thoro,” from bed and board, is still recognized in some states, but not in Florida. Florida Statute § 61.031 provides:
“No divorce is from bed and board, but is from bonds of matrimony.”
The court is without authority under Florida law to limit the right of the parties to remarry, Mirras v. Mirras, 202 So.2d 887 (Fla.2d DCA 1966); 10A Florida Jurisprudence, Dissolution of Marriage, §§ 2 and 239, and cases cited therein, and that portion of the final judgment below is a nullity-
The husband also appeals that portion of the final judgment which requires he pay $51.40 per week in child support for the eight minor children born of the marriage. The parties previously signed a settlement agreement that he pay $40.00 per week for child support and he is willing to pay that amount. He contests the additional $11.40 weekly, his one-half share of the mortgage payment on the marital home, that the judgment requires he pay.
The husband, a 36-year-old grocery clerk, makes an average of $117.50 per week. The wife, also 36 years old, works as a meat wrapper at an average weekly wage of $94.00. She also receives food stamps of the approximate value of $57.00 per week. The judgment gives the wife the custody of the children and the right to occupy the marital home during the children’s minority. Each spouse is required to pay one-half of the mortgage payments. The court was properly concerned that, given the limited resources of the parties, an adequate shelter be assured for the minor children. There was no abuse of discretion shown.
Accordingly, the judgment below, as modified to delete the prohibition against remarriage, is AFFIRMED.
BOYER, Acting C. J., and MILLS, J., concur.