439 So.2d 887 (1983)
Doyle Edward CONNER, Petitioner,
v.
Johnnie B. CONNER and L. Ralph Smith, Respondents.
No. 62089.
Supreme Court of Florida.
October 13, 1983.
Gene D. Brown of Brown & Camper, Tallahassee, for petitioner.
Sidney L. Matthew of Gorman & Matthew, Tallahassee, Simon, Schindler & Tripp, Miami, and L. Ralph Smith, Jr. of Dearing & Smith, Tallahassee, for respondents.
PER CURIAM.
This cause, Conner v. Conner, 411 So.2d 899 (Fla. 1st DCA 1982), is before us pursuant to article V, section 3(b)(3) of the Florida Constitution as conflicting with Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). We have jurisdiction. We approve in part and quash in part the opinion of the district court.
We agree with the First District's holding that the property distribution should be considered in light of this Court's opinion (issued after the decision of the trial court) in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Nonetheless, the determination that a party has been "shortchanged" is an issue of fact and not one of law, and in making that determination on the facts before it in the instant case, the district court exceeded the scope of appellate review. Shaw v. Shaw. Thus, the cause must be remanded for a further finding of fact as to what special equity, if any, the ex-wife has in property titled in the ex-husband's name as a result of her contributions to his business and political success.
Consequently, the issue of attorney's fees must be revisited if any redistribution of property should materially change the parties' abilities to bear their own or the other party's attorney's fees. We note that the reasonableness of attorney's fees is also an issue of fact, to be determined by the trial court. International Funding Corp. v. Decora Steel City, Inc., 317 So.2d 130 (Fla. 3d DCA 1975).
It is so ordered.
*888 OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, in which ADKINS, J., concurs.
ALDERMAN, C.J., dissents with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
The district court of appeal created express and direct conflict with Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), when it substituted its judgment for that of the chancellor on a matter clearly falling within the area for exercise of the chancellor's sound discretion. Because the trial judge's exercise of discretion was not clearly erroneous or inequitable, it should have been affirmed.
There is no need for a remand for reconsideration in light of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The district court characterized that decision as a "landmark" allowing the use of lump-sum alimony as a means of effecting equitable distribution of property acquired during the marriage. If that was the import of the Canakaris decision then it appears to me that the circuit judge anticipated it. In addition to four years of partial support by way of rehabilitative alimony, the judge awarded permanent alimony in an amount sufficient to provide partial support and also lump-sum alimony consisting of $10,000 in cash, the husband's interest in the marital home, and satisfaction of the mortgage on the home by the husband. The former wife has also received, of course, her share of all other jointly held properties.
The circuit judge was the decision-maker in the best position to determine what would be an equitable distribution of the marital assets and the extent of the wife's contributions to the acquisition thereof, as well as the future resources, prospects, and needs of the parties. In substituting its judgment for his, the district court exceeded the proper scope of appellate review. There is nothing about the circuit court judgment that called for such disturbance by the district court.
The decision of the district court should be quashed with directions to affirm in full the trial court's decree.
ADKINS, J., concurs.
ALDERMAN, Chief Justice, dissenting.
I would deny review in this case because the decision of the district court of appeal in the present case does not expressly and directly conflict with a decision of another district court of appeal or of this Court.