LARRY G. SMITH, Judge.
Appellant seeks reversal of an order denying her request for extension of rehabilitative alimony, limiting an increase in child support to only an additional $50.00 per month, and denying her request for attorney’s fees incurred in the modification proceeding. We affirm in part and reverse in part.
The final judgment of dissolution included a provision, by stipulation of the parties, for payment to the wife the sum of $1,000.00 per month for a period of eighteen months, as rehabilitative alimony. The stipulation, and the judgment, further provided: “If at the end of of eighteen months the wife has continuously pursued a Masters Degree in Education as a full-time student and she has not received her Masters Degree, then the husband shall continue to pay the rehabilitative alimony until the wife completes a degree, said additional period not to exceed six months.” Although the wife’s under-graduate degree was in education, she had never worked in that field, had never taught, and was not certified to teach. On the other hand, she had several years work experience as a counsellor doing social work, and as an employee in the CETA program in Jacksonville.
Soon after the divorce the wife moved to the State of Georgia, where she and the minor child of the parties took up residence with her parents. She found, unfortunately, that in Georgia a number of teachers had been released in an economy move, and that prospects for her employment as a teacher, even with a Masters Degree, were not favorable. She then reevaluated her decision to pursue a Masters Degree in education, and determined after counseling with the Department of Labor and other sources that the field of occupational therapy offered substantial opportunity for employment. The required education and training in this field was available in the locality where she lived, but she found that the deadline for enrollment in that course of study for the current year had passed, and that she would not be able to commence that course of study in September, 1981, but would have to wait until June, 1982. In the meantime, since she needed four or five additional courses in order to qualify for acceptance by the medical college from which she would receive the training, she immediately enrolled in and completed those courses, and was ultimately accepted as a student in occupational therapy.
The agreement for rehabilitative alimony which was incorporated in the final judgment contemplated that the wife would be occupied, for at least up to twenty-four months, as a full-time student, rather than in productive employment. The facts as above outlined strongly suggest that to deprive the wife of the rehabilitative opportunities both parties apparently conceded she was entitled to at the time of the dissolution would be contrary to the uses and purposes for which rehabilitative alimony has been engrafted into our domestic relations law. The record before us presents no justification for the denial of an extension *619 for at least six months unless such justification can be found in the wife’s abandonment of a field for which she had been educated but had never tried, and her pursuit of a career in a new field which seemed appropriate for her and which appeared to offer greater promise of success. Here there is no evidence or even a suggestion in appellee’s argument that the wife made the change simply for the purpose of attempting to justify an extension of rehabilitative alimony payments. The unrefuted evidence is that the wife made the change for good reasons after seeking and receiving expert advice. Her actions were clearly consistent with the “carrot and stick” tenor of the extension agreement incorporated in the final judgment. Further, an award of a six month extension as contemplated by the parties is also well within the issues made by the petition for modification, for although in her petition she sought a longer extension, the prayer for relief simply requested an extension of rehabilitative alimony without specifying a particular number of months.
This court has consistently resisted the urgings of the parties in domestic relations cases to upset the rulings of trial judges on financial or other matters. It is only on rare occasions that the facts of a particular case appear to present such an eggregious result, one way or the other, that we have found it appropriate to intervene. We must be ever vigilant, however, to avoid exceeding the bounds of our authority. See, Conner v. Conner, 439 So.2d 887 (Fla.1983). With all due deference to the admonitions of our highest court, as in Conner, supra, and mindful as well of the broad discretion vested in the trial judge under the “reasonableness” test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we find that it was an abuse of discretion for the trial court under the peculiar facts of this case to refuse to extend rehabilitative alimony for the additional six month period contemplated by the final judgment. Otherwise, the rulings of the trial judge attacked on this appeal were within his sound discretion, and must be affirmed.
AFFIRMED in part, and REVERSED in part, and REMANDED for entry of an order extending rehabilitative alimony payments of $1,000.00 per month for six months.
WENTWORTH and JOANOS, JJ., concur.