445 So.2d 711 (1984)
Ronald L. MARCOUX, Appellant/Cross Appellee,
v.
Catherine M. MARCOUX, Appellee/Cross Appellant.
No. 83-361.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Gary L. Rudolf of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant/cross appellee.
William I. Zimmerman of William I. Zimmerman, P.A., Pompano Beach, for appellee/cross appellant.
PER CURIAM.
Husband appeals the final judgment of dissolution ending a 13-year marriage. The parties have two children ages 13 and 11. The husband was 18 years old and the wife 17 at the time of their marriage. Both were high school graduates without assets when they married. The wife worked miscellaneous jobs during the marriage, the last time as a bank teller for approximately seven months in 1977. The husband began *712 as a carpenter and ultimately became a partner with another man in an interior contracting business. The parties own, as tenants by the entireties, a four-bedroom home with a fair market value of $129,000. The home has a mortgage of $76,000, yielding a net equity of $53,000. In addition, the parties had a bank account with $5,000 in it which the wife withdrew at the time of the separation.
The husband owns 50% of the stock in three interconnected corporations, Draughon and Marcoux, Inc., Draughon and Marcoux Interior Contractors, Inc., and Draughon and Marcoux Investments. In addition, the husband owns one-third of the stock in Bella Vista Properties, Inc., its only asset being a four-unit apartment building. The parties agree that the husband's interest in Bella Vista property is $53,333.33, that his interest in the investment corporation is $29,333.33, and that Draughon and Marcoux Interior Contractors, Inc., has no value. The crux of this case is the valuation placed on Draughon and Marcoux, Inc. At the hearing, the trial court heard testimony from each party's accountant. Both accountants agreed that the husband's corporation has a book value of $160,000 so that upon liquidation, the husband would receive approximately $80,000. However, the wife's accountant went further and added $325,000 for good will valuing the business at $585,000. Thus, according to the wife's accountant, the husband's interest in the business is worth $292,500.
At the time of the hearing, the wife was 31 years old and in excellent health. She testified that she has no desire to enter the professional world. She feels her teenaged children need her constant attention until they leave for college. In its final judgment, the trial court awarded the wife the marital residence and all of its furnishings, $100,000 lump sum alimony, payable at $10,000 per year for 10 years, with accumulated interest on the declining balance at the rate of 8% yearly, $1250 a month in permanent periodic alimony, $500 a month child support, and attorney's fees, accountant's fees, and appraiser's fees in the amount of $9,650. The trial court made no findings as to the value of the husband's corporation. Based on this award, however, we can assume that the court did determine that the corporation had some substantial good will value. This corporation was essentially a small closely held personal service business and we doubt its substantial good will value. However we cannot conclude that it had no such value as a matter of law as the trial judge certainly heard conflicting evidence on this subject.
Even though we believe that the husband has been shortchanged, we reluctantly must affirm because of the recent Supreme Court decision in Conner v. Conner, 439 So.2d 887 (Fla. 1983). That case holds that a determination that a party has been "shortchanged" is an issue of fact and not one of law and that a District Court exceeds its scope of appellate review in making such a determination. To the same effect is the more recent case of Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983), where the Supreme Court reversed the Third District Court of Appeal based on the test of whether the judgment is supported by competent evidence. In doing so the Supreme Court noted that the role of the trial court is to determine alimony based on ability of the husband, need of the wife, and "the best interests of the parties." If our scope of review does not encompass a review of the facts to determine that a party has been shortchanged, then we question our role in dissolution cases. We certify this question to the Supreme Court as being one of great public importance:
DO CONNER V. CONNER, SUPRA, AND KUVIN V. KUVIN, SUPRA, LIMIT THE SCOPE OF APPELLATE REVIEW ENUNCIATED IN CANAKARIS V. CANAKARIS, 382 So.2d 1197 (Fla. 1980)?
The wife has cross appealed raising numerous points, all of which we find to be without merit.
AFFIRMED.
*713 BERANEK and HERSEY, JJ., concur.
LETTS, J., dissents in part, with opinion.
LETTS, Judge, dissenting in part:
I concur in the decision to certify the question and in the belief that the husband was short-changed. I dissent as to the result.
The statement in Conner, supra, that if one party or the other is "shortchanged [that] is an issue of fact and not one of law" is indecipherable to me. The two sizable dictionaries in my office define "short-change" (with a hyphen) as the giving of less than the correct amount or cheating. If a trial judge awards an incorrect amount to the wife or cheats the husband, surely that is an abuse of discretion, the result of which no reasonable man would adopt (see Canakaris at p. 1203). Moreover Kuvin has come forth with an interesting addition to the traditional need vis-a-vis ability to pay test, by adding to it a third ingredient to wit: "the best interest of the parties." How permanent periodic alimony can be in the best interests of both the husband and the wife escapes me.
As a consequence, I would reverse. However, I might be skating on very thin ice. In fact, I can almost hear the splash for it appears that the Canakaris-Conner-Kuvin trilogy has collectively put the District Courts on notice that the judgments of trial judges are all but irreversible in domestic cases.