445 So.2d 706 (1984)
Marian MARSHALL, Appellant,
v.
Dan MARSHALL, Appellee.
No. 82-1820.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Linnes Finney, Jr., and Lorenzo Williams of Gary, Williams & Walker, Fort Pierce, for appellant.
Jacqueline L. Russakis, Fort Pierce, for appellee.
LEE, J. CAIL, Associate Judge.
This is an appeal from a final judgment of dissolution of marriage. The Wife in this seventeen year marriage claims that, along with the child support and other awards made to her, she should have been granted permanent periodic alimony rather than lump sum alimony. We agree.
*707 We recognize that there were few assets and relatively little money in this marriage. Nonetheless, the Husband's future security is assured, as least to a limited extent, by his retirement pay, which he may be able to supplement. The Wife's chances to obtain self-supporting employment, although not impossible, appear more unlikely. Under all the circumstances of this case, it was error not to award the Wife permanent periodic alimony. Although it is not our usual function to set the amount of an award, in this case we hold that permanent periodic alimony of Two Hundred Dollars ($200.00) per month to the Wife is an equitable sum. As was said in Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973), "Nil prospects to the contrary notwithstanding, if she should somehow blossom into a financially productive member of society and other material changes occur, the Husband can obtain a trial court review of the award."
Accordingly, the judgment appealed from is modified by eliminating the award of lump sum alimony and inserting in its stead permanent periodic alimony in the sum of $200.00 per month. As so modified the judgment is affirmed.
DOWNEY, J., concurs.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I think the majority has reached the correct result in this case, but I remain uneasy about what we do.
Commencing with Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), followed by Conner v. Conner, 439 So.2d 887 (Fla. 1983) and most recently by Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983) our Supreme Court has, at least arguably, put the District Courts on notice that the decisions of trial judges in domestic cases are all but irreversible. The statement in Canakaris that an abuse of discretion only occurs when "no reasonable man would take the view adopted by the trial court," id. 1203, is chilling, but not necessarily dispositive, because any district court panel supposedly composed of three "reasonable" men can take the position that no reasonable man would have done what the unreasonable trial judge did. However, the statement in Conner that if one party or the other is "shortchanged [that] is an issue of fact and not one of law" and therefore within the trial court's discretion is a horse of quite another color. The two sizable dictionaries in my office define "short-change" as the giving of less than the correct amount or cheating. If a trial judge awards an incorrect amount to the wife or cheats her, surely that is an abuse of discretion. I certainly hope so.
We have also substituted permanent periodic alimony for lump sum. Again I think we are correct based on the facts of this case because the "lump sum" here awarded was only $10,800 payable in monthly installments of $100 for 108 months.