LEHAN, Judge.
The wife appeals the property distribution, alimony, and child support awarded to her in the final judgment of dissolution of marriage. We affirm the alimony and child support awards but reverse the property distribution because we find that the wife was entitled to a special equity in the husband's business.
At the time of the dissolution the parties had been married thirteen years and had a twelve-year-old son. The husband owned a plumbing business, the assets of which included two boats, an automobile, a piece of vacant real property valued at $25,000, and $42,000 in accounts receivable. The corporation paid the husband a salary of $26,500 per year, plus a bonus of $1,000 or $2,000 per year. The corporation also paid the husband’s insurance premiums and doctors’ bills in addition to paying for the upkeep of the boats and some personal expenses of both the husband and the wife.
During the marriage the wife worked until 1980 as a registered nurse. She also worked for seven years for the husband’s plumbing business handling the inventory, insurance, telephones, and books and records of the business. The wife received no pay while working for the plumbing business until the last two years. Her salary for those two years went into the parties’ joint account for household expenses. Prior to the dissolution, the wife became employed as a registered nurse, earning $330 per week.
The final judgment awarded custody of the son to the wife. The judgment requires the husband to pay $75.00 per week child support for one year and $100.00 per week child support after that year. The judgment awarded the wife $100.00 per week rehabilitative alimony for one year. The parties became tenants-in-common of the marital home and a vacant lot next door, with the wife being given exclusive possession of the marital home until, among other things, the child reaches his majority or the wife remarries. The husband was ordered to pay one-half of the mortgage payments. The trial court found that the wife had failed to prove a claim of a special equity in the husband’s plumbing business.
Initially we note that, if it were not for Conner v. Conner, 439 So.2d 887 (Fla.1983), we would be seriously inclined to *258 find that the wife in this case was entitled to some type of equitable distribution of the proceeds of the marriage greater than that which she was awarded. Because of her ability to earn an adequate living as a registered nurse, we cannot say that she has fallen from prosperity to misfortune. However, it appears that the wife has been “shortchanged.” See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). But, in Conner, the Florida Supreme Court pointed out that the determination that a party has been shortchanged is an issue of fact, not law, indicating that the determination thereof is not for a district court of appeal. We feel considerably less than certain whether or not Conner necessarily and in all cases removes that type of issue from our appellate review. See Judge Letts’ concurring opinion in Marshall v. Marshall, 445 So.2d 706 (Fla. 4th DCA 1984), and his dissenting opinion in Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984).[1] But the language of Conner does not permit us to deal with the matter of equitable distribution in this case under a view that the wife was shortchanged. Nonetheless, Conner permits reversal on the issue of whether a spouse is entitled to a special equity, and for the following reasons we reverse and remand on that issue.
A special equity is a vested interest which one spouse acquires because of contributions of funds, property or services made over and above the performance of normal marital duties. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). When the wife takes an active part in the family business, “Duncan requires that her direct contribution to the commercial enterprise be recognized as a special equity — a proprietary interest — in that business when marital assets are being allocated upon dissolution of the marriage partnership.” Neff v. Neff, 386 So.2d 318, 319 (Fla. 2d DCA 1980). In this case, not only did the wife tend the home and raise a child and for much of the marriage work full time as a registered nurse, for seven years she provided what the record shows were significant services for the plumbing business. The husband argues that the wife was fully compensated for her work at the plumbing business. However, the evidence shows that she was paid a salary for only the last two years of her work there, the money from which was placed into the family’s housekeeping account. The wife is entitled to a special equity for her contributions to the plumbing business. We remand for a determination by the trial court of the extent of that special equity.
As to the issues raised by the wife regarding child support and alimony, we do not find that the trial court abused its discretion in this regard.
Under the circumstances of this case we do not believe the supreme court’s opinion in Conner forecloses the further consideration on remand of other financial aspects of the final judgment. Therefore, on remand the trial court is authorized to consider those aspects.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
BOARDMAN, A.C.J., and GRIMES, J., concur.

. The Marcoux opinion certified the question of whether Conner limits the scope of appellate review enunciated in Canakaris.