452 So.2d 963 (1984)
Marshall Ian FARKAS, Appellant,
v.
Karin FARKAS, Appellee.
No. 83-700.
District Court of Appeal of Florida, Third District.
June 12, 1984.
Rehearing Denied July 31, 1984.
*964 Gerald E. Rosser, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellee.
Before HUBBART,[*] DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Marshall Farkas appeals the final judgment entered by the trial court in this dissolution of marriage action. In particular Mr. Farkas asserts that the trial court abused its discretion in distributing the assets of this twenty-four-year marriage. We agree and for the following reasons reverse and remand this action to the trial court with directions to equitably distribute the marital assets.
Mindful of our limited jurisdiction to review orders of trial courts in dissolution matters, see Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); Conner v. Conner, 439 So.2d 887 (Fla. 1983),[1] we nevertheless conclude that the trial court abused its discretion when it awarded the former wife ninety per cent of the marital assets of this longterm marriage. The equities in this case do not support such a disproportionate distribution. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Ingram v. Ingram, 379 So.2d 955 (Fla. 1980); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981).
The confusion below emanates primarily from the trial court's treatment of certain funds which were inherited by the wife late in the marriage. Those monies were held by the wife in certain trust accounts; however, the interest from those funds was contributed by the wife to the couple's endeavors. The trial court, although it is not clear, apparently considered the interest monies as giving rise to a special equity in favor of the wife. This record will not justify such a result. See Ball v. Ball, 335 So.2d 5 (Fla. 1976).
At the time of the dissolution the parties jointly owned four parcels of real estate: one, the marital domicile with an equity of approximately $78,000; two, a condominium unit (the Briarwinds) with an equity of approximately $17,000; three, a condominium unit (Bay Gardens) with an equity of approximately $11,000 and four, an interest in a time share unit condominium (Sanibel Beach) with a value of approximately $6,000.
The trial court awarded to the wife all the husband's interest in the marital residence, all the husband's interest in the Briarwinds condominium (but left him liable on the Briarwinds mortgage) and gave the wife half interest in the Bay Gardens condominium. The trial court divided equally the parties' interest in the time share condominium but found that the wife was entitled to a $2,000 credit because inherited funds were used for a portion of the purchase. Contrary to the trial court's findings the record demonstrates that the $2,000 in question was in the form of a note collateralized by the inheritance but subsequently paid from joint funds. The trial court also required the husband to transfer to the wife his interest in an I.R.A. account (except for $1,200) which will cause him to incur a substantial tax penalty.
There is nothing in this record that will support the disparate distribution of the jointly owned property that occurred in this case. As this court has previously stated, record title is the starting point with the division of property. See Leonard *965 v. Leonard, 389 So.2d 256 (Fla. 3d DCA 1980) (citing Ball), review denied mem., 399 So.2d 1144 (Fla. 1981). The contribution of interest income from the wife's concededly separate funds does not give rise to a special equity in the real property or the I.R.A. account any more than the husband's contribution of his salary to the couple's joint endeavors.
We therefore reverse and remand this action with directions to the trial court to apply the principles stated in Canakaris and Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982). See also Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983) (award to the wife, as lump sum alimony, of the husband's interest in the marital home reversed where husband was clearly "shortchanged" by award).
Reversed and remanded with directions.
NOTES
[*] Did not participate in oral argument.
[1] As Judge Letts, whose views we share, has pointed out in Marshall v. Marshall, 445 So.2d 706 (Fla. 4th DCA 1984) (Letts, J., specially concurring), and Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984) (Letts, J., dissenting in part), our jurisdiction is indeed quite limited.