451 So.2d 1030 (1984)
Linwood ANDERSON, Appellant,
v.
Juliann ANDERSON, Appellee.
No. 83-1084.
District Court of Appeal of Florida, Third District.
June 26, 1984.
*1031 Daniels & Hicks and Patrice A. Talisman, Hall & O'Brien, Miami, for appellant.
Melvyn B. Frumkes and Cynthia L. Greene, Miami, for appellee.
Before HENDRY, BARKDULL and DANIEL S. PEARSON, JJ.
PER CURIAM.
Linwood Anderson appeals from a final order of the trial court in this dissolution of marriage action which awarded to the wife $2333.00 per month permanent periodic alimony, along with other awards not at issue herein. We affirm.
Appellant's sole issue on appeal is that the trial court abused its discretion by basing the permanent periodic award on his two highest earnings years without taking into consideration that his income has substantially declined since 1979. He argues that he has been left with only $5,104.00 a year to support himself and his minor son, of whom appellant has custody.
Appellee argues that the award in question was aproper and the court was justified in disregarding certain testimony relative to appellant's claimed deficit of expenses over income in view of other, contradictory evidence indicating that the husband had `funds which were not visible,' Bucci v. Bucci, 350 So.2d 786, 789 (Fla. 3d DCA 1977).
The trial court's order states that the court carefully watched and listened to the parties and their witnesses, carefully examined all exhibits offered in evidence and considered all argument of counsel, and used common sense in deciding that which is the duty of the court to determine. It concluded that the financial affidavits filed by appellant appear not to reflect truly his income nor his capacity to earn, nor his true present net worth.[1]
Our review of the permanent periodic alimony award is limited to the reasonableness test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983). In Conner v. Conner, 439 So.2d 887 (Fla. 1983), the Supreme Court held that the question of whether a party has been "shortchanged" is an issue of fact and not one of law and thus, a District Court of Appeal exceeds its scope of appellate review in making such a determination. Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984) (question of scope of review post  Kuvin and Conner certified). On the basis of the record before us and the detailed findings of fact and conclusions of law by the trial court, we cannot say that the trial court abused its discretion in awarding the amount it did as permanent periodic alimony.
Affirmed.
NOTES
[1] The trial court did not, however, make a finding as to appellant's actual income or net worth. In Evans v. Evans, 443 So.2d 233, 235 (Fla. 1st DCA 1983) at n. 1, the court therein explained why it is highly recommended that trial courts make such findings in dissolution cases where the husband's salary is in dispute.