PER CURIAM.
This is an appeal and cross appeal from a final judgment in a dissolution of marriage proceeding. The wife alleges error (a) in the distribution of marital assets; (b) in the failure of the trial court to incorporate certain stipulations into the final judgment; and (c) in the award of an insufficient amount of alimony. The husband alleges error in the award of permanent alimony.
The parties have failed to demonstrate an abuse of discretion by the trial court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Conner v. Conner, 439 So.2d 887 (Fla.1983); Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984); Marshall v. Marshall, 445 So.2d 706 (Fla. 4th DCA 1984); Hilderbran v. Hilderbran, 357 So.2d 788 (Fla. 1st DCA 1978); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971); Siegel v. Zimmerman, 319 So.2d 187 (Fla. 3rd DCA 1975).
There is, however, a matter which we view to be housekeeping in nature. The final judgment provided for the wife to receive rehabilitative alimony of $1,000 per month for two years and thereafter to receive $400 per month as permanent alimony. We believe that the intent of the trial court is clear; namely, that the wife should receive $400 per month permanent alimony from date of judgment and simultaneously receive $600 per month rehabilitative alimony for two years. Accordingly, we affirm in all respects but remand with direction to amend the language of the final judgment to express clearly the intent as recited herein.
GLICKSTEIN and HURLEY, JJ., and GOLDMAN, MURRAY, Associate Judge, concur.