464 So.2d 542 (1985)
Ronald L. MARCOUX, Petitioner,
v.
Catherine M. MARCOUX, Respondent.
No. 65078.
Supreme Court of Florida.
February 14, 1985.
*543 Gary L. Rudolf of English, McCaughan & O'Bryan, Fort Lauderdale, for petitioner.
William I. Zimmerman, Pompano Beach, for respondent.
Cynthia L. Greene of the Law Offices of Melvyn B. Frumkes, Evan Langbein, Miami, Michael R. Walsh, Orlando, Marsha B. Elser, Chairman, and Brenda M. Abrams, Chairman-elect, Miami, amicus curiae for Family Law Section of The Florida Bar.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, amicus curiae for The Academy of Florida Trial Lawyers.
SHAW, Justice.
This case is before us on petition for review of Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984). We granted jurisdiction to answer a question certified to be of great public importance. Art. V, § 3(b)(4), Fla. Const.
The facts are outlined in the district court opinion. We add that the wife's permanent periodic alimony award was ordered by the trial court to be reduced from $1,250 to $750 monthly when the younger child, aged eleven at the time of the hearing, reaches her majority.
By the time of the final hearing the parties had agreed that primary child custody would be with the wife, with liberal visitation for the husband. Most of the evidence taken was related to property distribution. Conflicting evidence was given by each party's accountant regarding the value of the husband's fifty percent interest in Draughon and Marcoux, Inc., his most valuable asset. The disagreement was primarily over whether the business had goodwill value that made it worth substantially more than its book value. By the end of the hearing both sides agreed that the husband's average annual income since the inception of the business was almost $60,000.
The trial judge did not make findings specifying his assignment of value to Draughon and Marcoux, Inc., but the district court assumed, based on the total award to the wife, that the trial court had found it to have substantial goodwill value. The district court doubted that the corporation had substantial goodwill value, but did not reverse the trial court on this basis.
The district court affirmed the judgment below, stating that
[e]ven though we believe that the husband has been shortchanged, we reluctantly must affirm because of the recent Supreme Court decision in Conner v. Conner, 439 So.2d 887 (Fla. 1983). That case holds that a determination that a party has been "shortchanged" is an issue of fact and not one of law and that a District Court exceeds its scope of appellate review in making such a determination. To the same effect is the more recent case of Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983), where the Supreme Court reversed the Third District Court of Appeal based on the test of whether the judgment is supported by competent evidence.
Marcoux, 445 So.2d at 712. The district court then posed the following certified question:
DO CONNER V. CONNER, SUPRA, AND KUVIN V. KUVIN, SUPRA, LIMIT THE SCOPE OF APPELLATE REVIEW ENUNCIATED IN CANAKARIS V. CANAKARIS, 382 So.2d 1197 (Fla. 1980)?
Id.
We answer the question in the negative. There is nothing in Conner v. Conner, 439 So.2d 887 (Fla. 1983), or Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983), that in any way limits the Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), scope of *544 appellate review. On the contrary, Canakaris is cited in both cases. Kuvin elucidates a proper appellate application of Canakaris, emphasizing the need for appellate courts to apply the reasonableness test[*] in reviewing discretionary acts of trial courts. We said in Canakaris that the reasonableness test requires a "determination of whether there is logic and justification for the result." 382 So.2d at 1203. If a reviewing court finds that there is competent substantial evidence in the record to support a particular award, then there is logic and justification for the result and it is unlikely that no reasonable person would adopt the view taken by the trial court. Under these circumstances, there is no abuse of discretion.
Conner was a pre-Canakaris case at the trial level. The district court properly remanded to the trial court for consideration in light of Canakaris. However, the district court also made the finding that Mrs. Conner had been "shortchanged" in view of her contributions to the marriage. In so doing the district court acted as fact finder in the first instance, as the trial court had not made a finding relative to evidence of Mrs. Conner's contributions to her husband's success for the purpose of establishing her entitlement to property titled in his name only. An appellate court must review the trial court's finding of fact in light of the record to determine that a party has been "shortchanged," and the district court in Conner made this determination without first allowing the trial court to weigh the evidence to effect an equitable distribution of the separate property. Consequently, we remanded to the trial court for a further finding of fact regarding Mrs. Conner's contributions and it was that issue that we referred to as "an issue of fact." Conner is thus consistent with other cases dealing with the scope of appellate review in dissolution appeals, and it alters Canakaris not in the slightest.
In the present case, the district court found the valuation placed on Draughon and Marcoux, Inc. to be "the crux of this case," 445 So.2d at 712, but it could not conclude as a matter of law that the corporation had no substantial goodwill value. The district court nonetheless believed the husband was "shortchanged," but mistakenly interpreted Conner as saying that an appellate court may not review the facts to make such a determination.
The use of the term "shortchanged" in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), and by this Court in Canakaris, may have contributed to the confusion regarding appellate review of dissolution cases. In Walter v. Walter, 464 So.2d 538 (Fla. 1985), released today, we explain our interpretation of the term to be another way of saying that a trial court has acted unreasonably and thereby abused its discretion. We think it more appropriate when reviewing discretionary action to determine explicitly whether discretion was abused. An appellate court's conclusion on this issue is reached by applying the reasonableness test.
Due to the district court's misinterpretation of Conner and Kuvin, it has not reviewed the trial court's final judgment to determine whether it reflects a proper exercise of discretion. Expressing no view regarding the merits of this cause, we quash the district court decision and remand for reconsideration in light of this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).