464 So.2d 649 (1985)
Margaret R. BERGER, Appellant,
v.
C. William BERGER, Jr., Appellee.
No. 84-38.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
Charles A. Nugent, Jr., of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Ronald Sales of Law Office of Ronald Sales, P.A., West Palm Beach, for appellee.
LETTS, Judge.
The wife here appeals claiming that she did not receive an equitable distribution in the final judgment of divorce. We agree and reverse.
The marriage was of twenty-five years duration and two children were born, one of whom, though adult, remains partially dependent because of hemophilia. A major reason for the dissolution was the husband's extramarital affair. The wife has a degree in urban planning, but has not yet found a position in Pittsburgh where she now lives, because the job market is depressed.
Needless to say, the parties are in total disagreement as to the value of the assets. However, there can be no doubt that the husband has assets exceeding $1,250,000.00, after the distribution and his income was at least $177,000.00 for the year prior to the filing of the dissolution proceedings. By contrast the wife's income, including alimony, of $1,500.00 per month, does not exceed $28,000.00 per annum. As to her capital assets after distribution, they appear to total about $270,000.00. Any excess above that figure is largely allocated to non-income producing jewelry and furniture, the value of which gyrates wildly depending on which side is estimating its worth. It is admitted that practically all of the assets were accumulated during the marriage.
As to the latest cases out of the Supreme Court, we note Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985), Walter v. Walter, 464 So.2d 538 (Fla. 1985), and Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985).[1] None of these were available to the *650 trial judge at the time of final dissolution. As we read the transcript of the case before us, there appears to be no doubt that the trial judge was of the opinion that the Fourth District's interpretation of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) in Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982), was "quite contrary to the Florida Supreme Court." In addition, he opined that he did not have authority to make a settlement agreement. With the utmost of respect, the benefit of hindsight and because of the three new Supreme Court cases above cited, we must disagree with both of these pronouncements.
We concede that the Supreme Court's affirmance of our version of Tronconi is somewhat equivocal in that it disavows that Canakaris created a new vehicle for equitable distribution. However, it affirms the capability of a trial judge to make an equitable distribution by way of lump sum alimony and in effect permits the trial judge to make a property settlement agreement based on justification rather than need. Thus, we agree with our superiors in their assessment that whether Tronconi creates a new vehicle or an expanded one is but an exercise in semantics.
Accordingly, we find the trial judge not only misinterpreted the law, but also abused his discretion and we remand with the observation that it appears that the wife, under the facts of this case, did not receive an equitable distribution if it is true that she received only a small percentage of the income-producing assets and likewise only a small percentage of her husband's annual income in permanent periodic alimony. One or the other, or both, must be substantially increased. See Walter.[2]
We conclude by confessing ill case at not being more specific about what and how much more the wife should get. Canakaris teaches us that the distribution does not have to be equal and we, as indeed we must, agree with that. The only guide we can give the trial court, as to how little is too little, is to refer once more to Canakaris which sets forth that the standard of living enjoyed during the marriage should be considered. To us, it would also appear that the wife in the instant case, as was the wife in Canakaris, is passing from prosperity to relative misfortune. In the meantime the husband remains relatively prosperous, especially when one considers that the $18,000.00 a year in periodic alimony will only actually cost him half that sum because it is deductible.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] It is hard to capsule the net effect of Walter and Marcoux. However, one thing is clear: they collectively negate the nightmares that this author erroneously perceived in Conner v. Conner, 439 So.2d 887 (Fla. 1983) and Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983). See the dissent in this court's version of Marcoux v. Marcoux, 445 So.2d 711 (Fla. 4th DCA 1984).
[2] Walter, citing Canakaris, includes the following passage:

While permanent periodic alimony is most commonly used to provide support, in limited circumstances its use may be appropriate to balance such inequities as might result from the allocation of income-generating properties acquired during the marriage. Canakaris, 382 So.2d at 1202.