WALDEN, Judge,
concurring in part; dissenting in part:
Even though I disagree with the majority opinion and its application of law, particularly Walter v. Walter, 464 So.2d 538 (Fla. 1985); Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980), to the facts of this case, I concur in the denial of rehearing inasmuch as the court has spoken and nothing new has been presented to vary the differing views.
As to clarification and the need therefor, I dissent because I feel that clarification should be forthcoming. As reflected in the wife’s motion and the husband’s response, the wife interprets this court’s opinion as allowing, on remand, an award of lump sum alimony in a lesser amount than was originally awarded. On the other hand the husband interprets this court’s opinion as saying that lump sum alimony is inappropriate in any amount. Thus, upon remand, the trial court will be faced with choosing between the two conflicting interpretations with the likely consequence being yet another appeal by the aggrieved party. This could be easily forestalled by a few lines from the majority indicating their intention.
While I cannot, of course, speak for the majority, it is my view, based on a study of the majority opinion, that it undertakes to only find fault with the “magnitude” of the lump sum alimony award. As I read it the trial court is free, upon remand, to fashion any kind of financial solution that is deemed appropriate upon consideration of the facts. The only limitation that I can divine is that if the trial court chooses to use the vehicle of lump sum alimony, such award must be in a sum of a lesser magnitude than was originally awarded. Hopefully this will not further obfuscate.