475 So.2d 972 (1985)
Ronald L. MARCOUX, Appellant/Cross Appellee,
v.
Catherine M. MARCOUX, Appellee/Cross Appellant.
No. 83-361.
District Court of Appeal of Florida, Fourth District.
September 11, 1985.
Rehearing Denied October 16, 1985.
Gary L. Rudolf of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant/cross appellee.
William I. Zimmerman of William I. Zimmerman, P.A., Pompano Beach, for appellee/cross appellant.
BARKETT, Judge.
This case returns to us for review and reconsideration as a result of the quashing of our prior decision. Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985). The supreme court did not consider the merits of the cause and restricted itself to correcting the view that Conner v. Conner, 439 So.2d 887 (Fla. 1983) and Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983), limited the scope of appellate review enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We have reviewed the record and the briefs of the parties. The major point of contention is the valuation placed on the husband's corporation. Accountants for both the husband and wife testified to conflicting values before the trial court ranging from $80,000 by the husband's accountant to approximately $300,000 by the wife's accountant. It is apparent from the final judgment that the court believed the wife's accountant. Accordingly, the issue here is not whether the trial court abused its discretion in fashioning a remedy based on the facts as he found them, but whether he was correct in his determination of the facts. So long as there is evidence to support the trial court's finding, appellate courts cannot act as new fact finders in the stead of the trial judge. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976). As our supreme court points out in Marcoux, the error in Conner was that the district court acted as a fact finder:
If a reviewing court finds that there is competent substantial evidence in the record to support a particular award, then there is logic and justification for the result and it is unlikely that no reasonable person would adopt the view taken by the trial court. Under these circumstances, there is no abuse of discretion.
Marcoux, 464 So.2d at 544.
In reviewing the record in light of the above, we find that the trial court, as the fact finder, had before it competent and substantial evidence upon which to base its award. Accordingly, we affirm.
AFFIRMED.
HERSEY, C.J., concurs.
LETTS, J., dissents without opinion.