498 So.2d 505 (1986)
Jill R. ZALIS, Appellant,
v.
Brian A. ZALIS, Appellee.
No. 86-20.
District Court of Appeal of Florida, Third District.
November 12, 1986.
Rehearing Denied December 19, 1986.
*506 James F. Dougherty, II, Miami Beach, for appellant.
Eleanor Levingston Schockett and Jennifer Armstrong West, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This is an appeal by the wife Jill R. Zalis from a final judgment of marriage dissolution in which she raises various points on appeal. We find no merit in these points and affirm.
The main thrust of the wife's appeal here is that she was "short-changed" by the final judgment's (a) distribution of assets between the parties, (b) alimony and child support awards, and (c) denial of her request for attorney's fees and costs. Our review of the record, however, reveals no abuse of the trial court's discretion in its rulings on the above property and support issues as, plainly, a reasonable person could have reached these results. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Stated differently, there is substantial, competent evidence in the record to support the trial court's rulings here, and we are not privileged to reweigh the evidence on appeal, as the wife invites us to do, and substitute our judgment for that of the trial court. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976).
As for the remaining complaints of the wife herein, we conclude that no reversible error is presented. The brief communication which the trial judge had with the husband after one of the hearings below may have been ill-advised, but it in no way prejudiced the wife, as, indeed, the judge's comments were less than sympathetic to the husband and were not remotely critical of the wife. See Neubert v. Harter, 394 So.2d 242, 242 (Fla. 2d DCA 1981); Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co. v. Koltunovsky, 184 So.2d 450, 452 (Fla. 3d DCA 1966); Crews v. Warren, 157 So.2d 553, 561 (Fla. 1st DCA 1963). There was no need for the trial court in this case to make specific findings on the valuation of each of the marital assets, and Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA), pet. for review denied, 482 So.2d 347 (Fla. 1985), imposed no such requirement. See Vandergriff v. Vandergriff, 456 So.2d 464, 466 (Fla. 1984); Jacquin-Florida Distilling Co. v. Reynolds, Smith and Hills, Architects-Engineers-Planners, Inc., 319 So.2d 604, 607 (Fla. 1st DCA 1975); Dworkis v. Dworkis, 111 So.2d 70, 73 (Fla. 3d DCA), cert. denied, 115 So.2d 6 (Fla. 1959). Finally, there was no abuse of discretion shown in permitting shared parental responsibility of the parties' minor child, in not reserving jurisdiction to award further alimony in the *507 future, or in awarding lump sum alimony payable anytime within three years of the final judgment. See Gerscovich v. Gerscovich, 406 So.2d 1150, 1151-52 (Fla. 5th DCA 1981); Price v. Price, 389 So.2d 666, 668 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981); Winner v. Winner, 370 So.2d 845, 847 (Fla. 3d DCA 1979); Lee v. Lee, 309 So.2d 26, 28 (Fla. 2d DCA 1975).
For the above reasons, the final judgment under review is, in all respects,
Affirmed.