507 So.2d 718 (1987)
Kenneth J. KOZAK, Appellant,
v.
Linda Ruth KOZAK, Appellee.
Linda Ruth KOZAK, Appellant/Cross-Appellee,
v.
Kenneth J. KOZAK, Appellee/Cross-Appellant.
Nos. 85-124, 85-626.
District Court of Appeal of Florida, Third District.
May 19, 1987.
Rehearing Denied June 23, 1987.
Adkins & Hardy and Milton R. Adkins, Coral Gables, for appellant/appellee/cross-appellant Kenneth J. Kozak.
Gold & Fox and Myron M. Gold, Miami, for appellee/appellant/cross-appellee Linda Ruth Kozak.
Before BARKDULL, HENDRY and JORGENSON, JJ.
HENDRY, Judge.
In its final judgment dissolving the parties' marriage, the trial court found that the Wife presently suffers from a "serious and debilitating mental illness, and, thus, is unable to provide... and has no foreseeable future of providing for her own support." Accordingly, and in light of the Wife's need and the Husband's ability to pay, the court awarded the Wife permanent periodic alimony. The court, however, ordered the Wife to quitclaim her right, title and interest in two jointly held parcels of real property to the Husband. The Wife appeals from that portion of the final judgment disposing of the parties' jointly held real property; the Husband cross-appeals, questioning the propriety of the alimony award. We affirm upon a holding that neither party has demonstrated that the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In reaching our result, we are guided by the following principles:
Dissolution proceedings present a trial judge with the difficult problem of apportioning assets acquired by the parties and providing necessary support. The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to *719 accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
Canakaris, 382 So.2d at 1202.
An important function of the trial court judge in a dissolution proceeding is to apportion property and provide for necessary support. Although it is not necessary that the judge equalize the parties' financial positions, he does have a duty to establish terms that would balance the equities between the parties under the unique circumstances presented by each individual case. See Canakaris, 382 So.2d at 1203; Bullard v. Bullard, 385 So.2d 1120, 1121 (Fla. 2d DCA 1980). The task is certainly not an enviable one. Notwithstanding the difficulties which trial judges inevitably face in these unhappy circumstances, there is no question that they, having heard all the evidence and observed the demeanor of the witnesses, are in a better position than we are to distribute the property and assess the parties' needs and capabilities. See Canakaris, 382 So.2d at 1202; McDonald v. McDonald, 368 So.2d 1283, 1284 (Fla. 1979); Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976). Accordingly, we may not substitute our judgment for that of the trial court. Shaw, 334 So.2d at 16. Our duty, rather, is to uphold its decision unless it constitutes an abuse of discretion. See Canakaris, 382 So.2d at 1203. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris, 382 So.2d at 1203; See Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984); Sanders v. Sanders, 435 So.2d 372 (Fla. 5th DCA 1983); Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980), review denied, 397 So.2d 778 (Fla. 1981); cf. Farkas v. Farkas, 452 So.2d 963 (Fla.3d DCA 1984) (trial court abused its discretion in distributing assets in a disproportionate manner not supported by record).
The Canakaris test of the trial court's discretionary power further requires that there be logic and justification for the result reached. 382 So.2d at 1203. Where competent and substantial evidence supports an award, then there is logic and justification for the result. Under these circumstances, there is no abuse of discretion. Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985) (following Canakaris). In the instant case, extensive evidence was presented regarding the Wife's serious and debilitating mental illness. Based on that evidence, the trial court decided to award her permanent periodic alimony while ordering her to quitclaim her interest in the property to the Husband, who may be the party more competent to handle property and generate income therefrom. We find the record replete with competent, substantial evidence to support the result reached. Therefore, we conclude that the trial judge properly exercised his discretion in the instant case.
We have thoroughly reviewed the additional points raised in the instant appeal and cross-appeal, and in Case No. 85-124, and find that no reversible error has been demonstrated.
Affirmed.