PER CURIAM.
Estrella Mederos-Sibila and Jorge A. Sibila were married in 1974. The marriage produced two children, Jorge Antonio and *924 Estrellita Sofia. Both parents began professional careers in 1979. Estrella is a physician with a general practice, and Jorge is an attorney. The parties were divorced in 1985.
In this appeal, Estrella challenges the equitable distribution fashioned by the trial court in its final order of dissolution. She contends that the trial court committed reversible error by failing to consider the assets accumulated by Jorge during the marriage while at the same time awarding Jorge his one-half interest in the marital home.[1] The distribution left Jorge with more than ninety percent of the marital assets. We agree that the equities in this case do not support such a disproportionate distribution. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Farkas v. Farkas, 452 So.2d 963 (Fla. 3d DCA 1984). We, therefore, reverse that portion of the order awarding Jorge his one-half share in the marital home. On remand, we direct the trial court to devise a more equitable distribution. The trial court should consider Jorge’s assets acquired during the marriage, including proceeds from the sale of a second home titled solely in his name, his one-half interest in a condominium warehouse, his credit union account, and his IRA and Keogh plans. The trial court may, if it wishes, award Jorge’s one-half interest in the marital home to Estrella as part of the equitable distribution. Regardless of the disposition of the marital home, we find error in that portion of the order denying Estrella a credit for one-half of the mortgage interest payments on the marital home. See Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986) (to require one spouse, by making payments on home formerly held as tenants by entirety, to increase equity of other spouse is impermissible where no basis in record to relieve other spouse of his obligation). We, therefore, reverse and remand with directions to allow Estrella the credit. We affirm the trial court’s order in all other respects, including the ruling that both parties bear their own attorneys’ fees.
Affirmed in part, reversed in part, and remanded for further proceedings.

. The provisions of the final judgment allow Estrella the exclusive use of the marital home until the last minor child of the parties reaches majority, becomes self-supporting, dies, discontinues residence with Estrella, or until Estrella resides at some other location with the minor children.