LETTS, Judge.
A marital asset worth at least $1,400,000 was distributed, $1,258,000 to the husband and only $142,000 to the wife, if paid in cash. Also, no permanent periodic alimony was awarded. We reverse.
This was a sixteen-year marriage producing two children. The wife’s role was primarily that of the classic housewife and mother.
In making the equitable distribution of the principal marital asset valued at $1,400,000, the court pronounced that the wife’s share was $400,000. Unequal though such a distribution would be, we would not deem it an abuse of discretion under the parameters of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), even though the final judgment provided that the $400,000 be paid out over a twenty-three year period. However, the final judgment further provided the husband could, as an alternative, pay off the distribution in cash for only $142,000, a mere 10% of the total value of the asset. We believe 10% of the total value to be inadequate under the facts of this case, see Berger v. Berger, 464 So.2d 649 (Fla. 4th DCA 1985), and we reverse the trial judge and remand this cause for the entry of an amended judgment requiring the full $400,-000 to be paid, if the award is paid off in cash rather than by periodic payments.
Included in the final judgment as part of the “award” to the wife was one-half of the proceeds of the sale of the marital residence. We agree that in making an equitable distribution it is important to consider the bottom line of what each spouse ends up with and that the value of the residence constitutes a marital asset. However, we could observe that consideration of one-half of the proceeds of the house sale as an “award,” is illusory under the facts sub judice. The title to the house has been held as a tenancy by the entirety ever since its acquisition in happier matrimonial days. One cannot be “awarded” that which one is already entitled to by operation of law.
As to alimony, the final judgment awarded it for only three years (the final year at the rate of $250 per month). The wife is in her forties and is described by the trial judge in the final judgment:
*805 The wife has two years of college education and a course in travel agency. The wife’s work during the marriage consisted of decorating a few of the funeral homes and working part-time at a travel agency. In the event that the wife could obtain a job in the travel agency business, she would be paid only approximately minimum wage.
We see little prospect of her being able to maintain herself in anything like the style she was accustomed to during the marriage and since the husband has the ability to pay, we hold that the $250.00 per month rehabilitative award should be made permanent.
In all other respects, the final judgment is affirmed.
' AFFIRMED IN PART, REVERSED IN PART.
WALDEN, J., concurs.
ANSTEAD, J., dissents in part with opinion.