## MURRIN v MURRIN
### Case No. 87-1124-CA
Nineteenth Judicial Circuit, Martin County

July 20, 1990

### APPEARANCES OF COUNSEL

David J. Chesnut, Esquire.

Russell J. Ferraro, Jr., Esquire.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

#### *FINAL JUDGMENT AFTER REMAND*

THIS MATTER is before this Court pursuant to the Mandate of the Fourth District Court of Appeal. That Mandate directed the trial Court to determine an appropriate level of permanent periodic alimony

based on the undisputed showing of need by the Former Wife and ability by the Former Husband. The District Court, while affirming all other aspects of Judge Ciancia's decision, specifically indicated that the Court court reconsider those decisions in light of the Mandate. The Amended Final Judgment specifically found that the Former Husband's stocks, bonds, and C.D.'s, in the amount of $39,000 were his separate property. The judgment also found that the Former Husband "proved a special equity" in assets titled jointly in both the Former Husband and Former Wife's names. Those assets were a $40,000 C.D., a 1986 Mercury Marquis, and the marital resident with a gross equity of $44,000.

Factually, this was an approximately eight year marriage, the second for both parties. The Former Wife is permanently disabled, has little income, and brought almost no property to the marriage. A review of the trial transcript and testimony at the hearing conducted pursuant to the Appellate Mandate, and the depositions, reveal that the Former Husband and Former Wife kept their finances totally separate. The Former Husband paid all marital bills including house payments from his separate funds. The Former Wife, on the other hand, used her limited income for purposes unrelated to the marriage.

The first issue to be decided, in light of the Mandate, is the effect of an award of permanent periodic alimony upon the lump sum award given in the first trial. In the Court's view the determinations in Paragraph 3 and Paragraph 4, as indicated by the record, and the opinion of the Fourth District Court, are supported by competent and substantial evidence and are the law of the case.

Another issue is presented by the award of $36,000 in lump sum alimony. A review of the record indicated this award was in the nature of a support award and not intended as a vehicle for equitable distribution. In the Court's view, this award must be revisited in view of the unique factual posture of this case. The Former Husband has almost $260,000 in separate non-marital assets. He enjoys income in an amount of roughly $2,400 per month. The Former Wife, on the other hand, receives roughly $534.00 per month. It should be emphasized, however, that almost 33 ⅓% of the Former Husband's income is generated by his interest income from what is non-marital property. To continue the lump sum periodic payments would result in depletion of assets available for payment of permanent periodic alimony. This in turn would create a lesser ability to pay on his part. Thus, the Court is faced with a real dilemma. If the present lump sum award is left untouched the Former Husband's ability to pay the Former Wife

154

legitimate needs will be impaired. This because, as amply indicated by the record, he will be forced to liquidate the assets that generate his ability to pay permanent periodic alimony. It is, of course, true that the former marital home could be sold for payment of a lump sum award. That, in this Court's view, would be draconian and self defeating. The monthly mortgage payment is low and allows funds to be available for support. If the Former Husband sells his home he would surely need to obtain housing. Any rental arrangement would certainly be more expensive and thus again impact on his ability to pay (See Former Husband's Financial Affidavit). Based on the foregoing and in view of the Appellate Mandate, the Court is of the view that the present case is controlled by *Marshall v Marshall,* 445 So.2d 706 (Fla., 4th DCA 1984).

Based on the foregoing the lump sum alimony award is vacated and the Former Wife is awarded permanent periodic alimony in the amount of $600 per month, retroactive to the date of the Final Judgment. The Former Husband will receive credit for all payments made. Attorney's fees are awarded to the Former Wife in the amount of $8,000 with costs of $771.99.

DONE AND ORDERED in Chambers, Stuart, Martin Company, Florida, on this 20th day of July, 1990.