PER CURIAM.
After a marriage of some twenty odd years, the trial court entered a final judgment of dissolution and divided the marital assets with a gross value per the final judgment of several million dollars. The record is susceptible to the view that the wife received approximately $1,218,556.00 of which approximately $700,000.00 was liquid amounts and the husband received approximately $1,251,243.00, with liquid assets of approximately $100,000.00. No alimony or attorney’s fees were awarded in the trial court. The record also shows that during the course of the marriage, the parties (with the wife’s approval) gave substantial sums of money to their children. After the separation of the parties, the husband created inter vivos trusts for the children in the amount of $300,000.00. The creation of the children’s trusts was consistent with the actions of the parties during the marriage.
The wife appeals seeking alimony, attorney’s fees, a review of the amount she was required to pay for child support, and a review of the division of marital assets.
The husband cross-appeals the failure of the trial court to accord him an alleged special equity in certain of the marital assets.
We find no error in any rulings of the trial court and affirm. Schutz v. Schutz, 581 So.2d 1290 (Fla.1991); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Spillert v. Spillert, 564 So.2d 1146 (Fla. 1st DCA 1990); rev. denied 576 So.2d 291 (Fla.1990); Kozak v. Kozak, 507 So.2d 718 (Fla. 3d DCA 1987); Zalis v. Zalis, 498 So.2d 505 (Fla. 3d DCA 1986); Antonini v. Antonini, 473 So.2d 739 (Fla. 1st DCA 1985).
Affirmed.
BARKDULL and GERSTEN, JJ., concur.