DANAHY, Judge.
This is an appeal by the husband and a cross-appeal by the wife from a final judgment of dissolution of marriage. The husband complains that the trial judge erred in awarding the wife the sum of $1,000 per month permanent periodic alimony plus an automobile and the husband’s interest in the marital home as lump sum alimony. The wife contends that the trial judge erred in finding that the husband had a special equity in Pasco County property held in the names of the parties as tenants by the *253 entireties and directing the wife to convey, all of her interest in that property to her husband.
After oral argument in this case, our supreme court rendered its landmark decision on the subject of alimony in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In Canakaris, the court discussed at length the appropriate criteria for the award of different types of alimony which, together with child support and the related elements of “special equity” and “exclusive possession of property,” are remedies available to a trial judge to accomplish the purpose of apportioning assets acquired by the parties and providing necessary support. In a companion case the court discussed what spousal contributions establish a “special equity” and what are the criteria for exclusive possession awards. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). The supreme court reminded us in Canakaris that the remedies selected by a trial judge to resolve the problem of apportioning assets and providing necessary support are part of one overall scheme, and should be reviewed by appellate courts as a whole, rather than independently.
We have the option of assessing the awards of alimony in the present posture of this case according to the Canakaris standards even though the trial judge did not have the benefit of Canakaris in reaching his decision. Were we to apply Canakaris at this point in the case, we might affirm on the ground that no abuse of discretion on the part of the trial judge has been demonstrated. We might also affirm that part of the final judgment directing the wife to convey to the husband her interest in the Pasco County property. We disagree with the trial judge’s conclusion that the husband established a special equity in that property; a special equity in property held as tenants by the entireties will not arise when the property is acquired from funds generated by a working spouse while the other spouse performed normal household and child rearing responsibilities. Duncan v. Duncan, supra. Nevertheless, we believe the trial judge could correctly have declared a constructive trust of the wife’s interest in favor of the husband. Williams v. Grogan, 100 So.2d 407 (Fla.1958).
The facts of this case, however, persuade us that the trial judge should be given an opportunity to reconsider the alimony awards to the wife in the light of the supreme court’s decision in Canakaris. The record indicates that during the eleven-year marriage of the parties, the husband acquired assets (including the Pasco County property) several times greater in value than the wife’s assets (including the marital home). Canakaris holds that in the achievement of equity between the parties, it is within the discretion of the trial judge to use a lump sum alimony award to accomplish an equitable distribution of marital property. Before Canakaris, it was not clear to trial judges whether that remedy was available, and the trial judge may not have considered its use in this case.
In order to give the trial judge that opportunity, we reverse and remand with instructions to conduct a further hearing on the question of what alimony awards are appropriate in this case under the principles enunciated in Canakaris v. Canakaris. The trial judge may receive additional evidence bearing on that question.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and RYDER, J., concur.