399 So.2d 75 (1981)
Anthony GALLAGHER, Appellant,
v.
Bernice GALLAGHER, Appellee.
No. 80-1169.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
Rehearing Denied June 10, 1981.
*76 Edwin R. Ivy, Winter Garden, for appellant.
J. Russell Hornsby, Orlando, for appellee.
ORFINGER, Judge.
The husband appeals from those portions of the final judgment of dissolution which make monetary awards to the parties. We reverse.
The wife was awarded all of the husband's interest in the jointly owned marital assets[1] "in recognition of her special equity in said property, as and for lump sum alimony." The wife was then ordered to pay the husband the sum of $75.00 per week as permanent, periodic alimony during his lifetime or until he remarried, whichever occurred first. The effect of the judgment was to give the wife title to everything the parties owned, and to require her to make the weekly payments to the husband.
The husband contends that: (a) the award of the property to the wife was improper; (b) if the property award was proper, the court abused its discretion in not awarding to the husband a greater weekly sum as permanent alimony; (c) the court erred in not finding a special equity in certain stock titled in the wife but purchased out of the joint funds of the parties.
The parties were married in 1939 when both were young and neither had any assets. The wife concedes that during the first twenty years of the marriage the husband was essentially the principal breadwinner, although the wife worked as she could while raising the children. The evidence then reveals that during the last twenty years of the marriage the wife became the essential support of the family, operating a succession of small family businesses, each of which was eventually sold and the proceeds invested into the next, the parties finally acquiring what they owned at the time of this dissolution proceeding. The evidence is also clear that during the later years of the marriage the husband has had mental problems and apparently a serious drinking problem.
The trial court found that the wife had been the main sustenance and support of the marriage for at least twenty years, and that she therefore had a "special equity in the business, in the property of the parties," as a result of which he would award her the business, and the marital domicile with its furnishings and the automobile. In the final judgment, however, he awarded her these assets "in recognition of her special equity in said property, as and for lump sum alimony."
There is a distinction between an award of property based on a "special equity" and an award of property as lump sum alimony. The term "special equity" was created to describe a vested interest of a spouse in property brought into the marriage or acquired during the marriage because of contribution by that spouse of services or funds over and above normal marital duties. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The record does not sustain the property award to the wife under this definition. All this property was acquired during the marriage, and each party contributed to the sustenance of *77 the family albeit at different points in time. The fact that the wife was compelled to become the chief breadwinner because of the husband's mental and drinking problems (both properly characterized as illness) cannot be considered a contribution of services "over and above the normal marital duties" in the circumstances here.
If the award was intended as lump sum alimony as it appears to be, it clearly was not intended as support for the wife. Neither can it be justified as an equitable distribution of property, because it stripped the husband of everything he had. It can readily be seen that the husband could not make this payment without substantially endangering his economic status. Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). A trial judge should ensure that neither spouse automatically passes from misfortune to prosperity or from prosperity to misfortune, nor in the totality of the circumstances should one spouse be "shortchanged". Canakaris; Brown. The permanent periodic alimony award to the husband did not alleviate the problem because should the wife die first, the award would terminate, leaving the husband without sustenance of any kind, and without assets.
The husband's present condition may be such that he is unable to manage his affairs, and as reflected by the trial court, his assets would be soon dissipated if left in his care, but there are ways to prevent such dissipation by persons unable to properly protect their property. Similarly, the continued success of the grocery store business may depend on the ability of the wife to continue running it without interference from the husband, and this opinion is not intended to preclude such result if the trial court deems it necessary to the preservation of that asset.
Since the award of permanent alimony to the husband was part of the trial court's attempt to distribute the marital property, we must reverse that award as well. The trial judge should reconsider as well the question of whether the stock in Certified Grocers is a marital asset because it was purchased out of joint funds, although titled in the wife's name.
The portions of the final judgment dissolving the marriage and awarding attorney's fees are affirmed, neither being question in this appeal. The remaining portions of the final judgment dealing with alimony and property rights of the parties are vacated and set aside, and the cause is remanded to the trial court for reconsideration in the light of this opinion, either on the basis of evidence already in the record, or with the benefit of additional testimony as the trial court may determine necessary to a decision.
AFFIRMED in part, REVERSED in part and REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] These assets consisted of the marital residence (and its contents), to which was attached a country grocery store, all the inventory on hand, and a 1976 Ford automobile. According to the affidavits of the parties, the real property, business, inventory, equipment, cash in bank and automobile had a net value of approximately $70,000. The wife owned in her name approximately $5,000 in Certified Grocers stock.