PER CURIAM.
In this appeal from a dissolution between the parties, the wife challenges the trial court’s award of lump sum, periodic and rehabilitative alimony. Her former trial counsel also joins this appeal, arguing his fee awarded by the trial court was insufficient. The wife argues the awards of alimony and attorneys’ fees are insufficient to compensate her for her contribution to the marriage of over twenty years. We agree and reverse.
The Conners were married in 1953 in Starke, Florida. He was a recent graduate of the University of Florida, and co-owner of an insurance agency. She was twenty years old with no college education. During the first seven years of the marriage she worked at the insurance agency. Mr. Conner served in the Florida House of Representatives from 1953 until he was elected Commissioner of Agriculture in 1960. Mrs. Conner has not worked outside the home since that time.
It is undisputed that during the early years of this marriage the wife was a devoted mother and homemaker and assisted the husband greatly in the additional responsibilities required by his political office. In addition to caring for the children and maintaining the home, she traveled with her husband during campaigns and attended various political functions he was required to attend. In the latter years of the marriage, Mrs. Conner’s traveling lessened as a result of her declining health.
In 1957 and 1958 the couple jointly purchased a home and farm in Starke. In 1960, upon moving to Tallahassee, the parties jointly purchased another home. After *901 the move to Tallahassee, the husband began a series of speculative investments, including the purchase of a farm in Jefferson County. These investments were titled in his name only. The wife testified that she thought these purchases were titled jointly. Money for these purchases came mostly from borrowed funds; however, the financial statement used to secure these funds listed both parties’ assets. At the hearing below various figures were introduced showing the parties’ net worth. It is not necessary to go into detail as to the amounts. Suffice it to say the husband’s net worth greatly exceeds that of the wife.
Following trial, the court divided the jointly held property and awarded the wife as partial alimony the husband’s interest in the marital home in Tallahassee and the furniture within. The husband was ordered to pay the remaining balance of the mortgage. The wife was also awarded $10,000 lump sum alimony, $250 per month permanent alimony, and rehabilitative alimony of $500 per month for 36 months, and thereafter $250 per month for 12 months. The court also ordered the husband to pay a portion of the wife’s attorney’s fees. Mr. Conner retained title to all land titled in his name only, as well as his share of all jointly owned property except as noted above.
In view of the parties’ long marriage and the admitted contributions the wife made to this marriage, we find that the wife has been “shortchanged.” Brown v. Brown, 300 So.2d 719, (Fla. 1st DCA 1974). Brown held that the contributions of the wife to the marital partnership as a mother and homemaker should be given recognition equal to the money-making activities of the husband and that these contributions may be recompensed by lump sum alimony. Brown, as all know now, was adopted by the Supreme Court in the landmark case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The husband argues that he alone should be awarded the speculative investments since they are titled in his name only. His rationale for this is that only he would suffer if the investments went sour. We are confident however that had the investments gone sour the wife and children would have suffered with him since he had no outside source of income other than his investments and his salary as Commissioner of Agriculture.
After Canakaris, trial courts now have the discretion to use lump sum alimony to insure an equitable distribution of property acquired during the marriage. We also note that awards of lump sum alimony have been approved which awarded the wife land titled in the husband’s name only. Cuevas v. Cuevas, 381 So.2d 731 (Fla. 3d DCA 1980). We recognize however, that the able trial judge below did not have the benefit of Canakaris since the final order in this case was rendered approximately four months before the Supreme Court’s decision.
Accordingly, we decline to determine ourselves to what extent the wife should receive additional alimony.
This is so because it clearly appears that the trial judge, to whose discretion such a matter is initially entrusted, has not yet exercised that discretion in the light of the now-prevailing law. . . . When the able and conscientious chancellor made these decisions, he was bound by the pre-Canakaris rule that entitlement to lump sum was based either on “need,” like all alimony, or upon some economic contribution by the wife to the accumulation of property. (Cite omitted) He could not have been aware of the monumental change in the law effected by Canakaris (footnote omitted) that lump sum alimony may, and sometimes must, be employed so as equitably to compensate the wife for the domestic endeavors now regarded as equivalent to her husband’s wage earning ones.
Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981). We therefore join other cases which have remanded for reconsideration of the evidence in light of Canakaris. Cowart v. Cowart, 390 So.2d 193 (Fla. 1st DCA 1980); Colucci, supra; Neff v. Neff, 386 So.2d 318 (Fla. 2d DCA 1980); Bullard v. Bullard, 385 So.2d 1120 (Fla. 2d DCA 1980); and Perez v. Perez, 383 So.2d 252 (Fla. 2d DCA 1980).
*902 Since the remedies of the trial court are part of one overall scheme and should be reviewed by appellate courts as a whole, rather than independently, and since these aspects are interrelated, we have no alternative other than to reverse all financial aspects of the final judgment. Sangas v. Sangas, 407 So.2d 630 (Fla. 4th DCA 1981); Perez v. Perez, supra. We also hold that the trial court should reconsider the issue of attorneys’ fees in light of the changes in the awards of alimony.
Regarding the issue of appellate attorney’s fees, we direct, as permitted by Florida Rule of Appellate Procedure 9.400(b), that the trial court assess the amount of appellate fees to which the wife is entitled, to be paid by appellee.
Accordingly, except for the granting of the dissolution of the marriage between the parties, the final judgment is reversed and this cause is remanded for further proceedings.
McCORD and LARRY G. SMITH, JJ., concur.
OWEN, WILLIAM C., Associate Judge (Ret.), concurs.