WIGGINTON, Judge.
Again we have before us for review a decision from the trial court concerning the dissolution of the Conner marriage. Earlier, we reversed the trial court’s judgment of dissolution on the basis of our determination that the wife had been “shortchanged.” Conner v. Conner, 411 So.2d 899 (Fla. 1st DCA 1982). The cause was remanded for reconsideration of the evidence in light of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), a decision that had been decided subsequent to the trial court’s entry of final judgment. The supreme court, although agreeing that the cause should be remanded in light of Cana-karis, held this Court had exceeded its scope of review in determining that the wife had been shortchanged. Conner v. Conner, 439 So.2d 887 (Fla.1983). The supreme court also concluded that the cause should be remanded
... for a further finding of fact as to what special equity, if any, the ex-wife has in property titled in the ex-husband’s name as a result of her contributions to his business and political success.

Id.

On remand the trial court reconsidered the record and heard arguments from both parties. The court found
... that although the wife made contributions to her husband’s political success, she did not have a vested interest in any particular property in the strict sense of the term “special equity.”
The court went on to explain that it had already considered the “nature and extent” of her contribution in fashioning a plan of equitable distribution of the parties’ property “in the spirit of Canakaris v. Canakaris _”
In the instant appeal, the wife has seized upon the court’s use of the phrase “vested interest in any particular property” to argue that the trial court was under the erroneous impression that it had to trace the wife’s “special contributions” to a specific piece of property before it could make a finding that a special equity in that property existed in the wife’s favor. Additionally, the wife argues that the trial court made an impermissible distinction between her contributions to the husband’s business as opposed to her contributions made to his political success, the latter being irrelevant to or of little import in the finding of a special equity. We disagree with the wife’s contentions, and decline to accord the trial court’s supplemental order so narrow an interpretation.
The supreme court, in its Canakaris opinion, defined “special equity” as meaning “a vested interest in property brought into the marriage or acquired during the *1316 marriage because of contribution of services or funds over and above normal marital duties.” 382 So.2d at 1200. Alternatively, the supreme court explained, the equities of the case may justify a lump sum award. ■ Id. In the instant cause, the trial court merely concluded that the wife’s marital contributions, both to the husband’s business and to his political career, were not so over and above her normal marital duties as to rise to the plateau of a vested interest in any property not already awarded her; rather, the wife’s contributions were significant only as a factor to be weighed by the court in making an equitable distribution. As to that latter consideration, we conclude that the trial court did not abuse its discretion in fashioning the plan of equitable distribution in the way that it did, given the financial status of the parties in 1979 when the final judgment of dissolution was entered. See Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985).
The remaining issues on appeal regard whether the trial court erred in refusing to consider new evidence of the husband’s present net worth, and whether it abused its discretion in failing to award additional attorney’s fees at the trial level and fees on the basis of the wife’s original appeal to this Court. As regards the husband’s financial position, the evidence of changed circumstances would have been relevant only had the hearing been on a petition for modification. Below, by supreme court mandate, the court was bound to consider only the evidence contained in the original record.
In regard to the attorney’s fees, again, the issue of additional fees at the trial level would have been relevant only had the court redistributed property to such an extent as to “materially change the parties’ abilities to bear their own or the other party’s attorney’s fees.” Id. Since the court did not redistribute the property, it did not abuse its discretion in not awarding additional fees.
Similarly, the trial court did not abuse its discretion in failing to award appellate fees. In our first opinion, we directed the trial court to assess the amount of appellate fees to which the wife was entitled, to be paid by the husband. Conner, 411 So.2d at 902. However, following the supreme court’s opinion, we entered an order on mandate in which we “set aside and held for naught” our original opinion, thereby adopting the supreme court’s opinion as our own. Accordingly, the trial court correctly observed that it had no authority to grant appellate fees, the supreme court’s opinion being silent on that issue.
For the foregoing reasons, the trial court’s supplemental order is in all respects
AFFIRMED.
WENTWORTH and THOMPSON, JJ„ concur.