473 So.2d 739 (1985)
Elisabetta La Monaca ANTONINI, Appellant,
v.
Gustavo A. ANTONINI, Appellee.
No. BD-212.
District Court of Appeal of Florida, First District.
June 14, 1985.
Rehearing Denied August 9, 1985.
*740 John F. Roscow, III of Scruggs & Carmichael, Gainesville, for appellant.
Kenneth E. Brooten, Jr. of Law Offices of Kenneth E. Brooten, Jr., Gainesville, for appellee.
JOANOS, Judge.
In this appeal from a final judgment of dissolution of marriage, the wife alleges the trial court erred in four respects: (1) by incorporating into the final order a provision for a future reduction of permanent periodic alimony payments, (2) by failing to award to the wife a special equity in a sailing vessel owned jointly by the parties (3) by failing to award to the wife any portion of her attorney's fees and costs, and (4) by failing to award adequate permanent periodic alimony. We reverse on point one, and affirm on the others.
The parties were married in June 1964, and the one child born of this marriage has reached majority. During much of the duration of the marriage, and most particularly during the earlier years, the wife's contribution was very important to the family's *741 support. The husband is now a tenured professor at the University of Florida. The wife had been a sculptress and painter, with skills in art restoration. Then, in 1978, she sustained injuries to both hands, a leg and her face. Despite a series of surgical operations, the wife has been unable to continue her career as a sculptress and painter.
As a result of the wife's injury, the parties received a $50,000 settlement, in part to the wife as compensation for her loss of earning capacity, and in part to the husband for loss of consortium. The wife alleges that the settlement for her injury provided the funds for the purchase of the sailing vessel, and it is for this reason that she claims a special equity in the jointly-owned vessel.
At the hearing, evidence was presented that the wife's total earnings over the immediately preceding five years had been $360  derived from four hours of consulting work and the sale of two small paintings to friends. The trial court, though clearly impressed with the wife's artistic knowledge and background, recognized that those skills were not presently marketable in the university setting because she lacks the requisite academic credentials. Therefore, in consideration of the 20-year duration of the marriage, the wife's age (53, as opposed to the husband's age of 46), and the fact that the wife is partially disabled due to arthritis in her hands, the trial court determined that the wife would require permanent periodic alimony. This permanent periodic alimony was set at $500 per month for a period of sixty months, thereafter to be reduced to $200 per month, until the wife dies or remarries. The trial court denied the wife's claim of a special equity in the sailing vessel, and of an award of any portion of her attorney's fees and costs.
The term "special equity" is used to describe "a vested interest in property brought into the marriage or acquired during the marriage because of contribution of services or funds over and above normal marital duties." Canakaris v. Canakaris, 382 So.2d 1197, 1200 (Fla. 1980). A special equity in jointly owned marital property may arise in those instances where the property has been acquired, in whole or in part, with funds unconnected with the marital relationship. Landay v. Landay, 429 So.2d 1197 (Fla. 1983). The party claiming a special equity has the burden of demonstrating his or her equitable interest, "to the exclusion of a reasonable doubt." Lindley v. Lindley, 84 So.2d 17, 20 (Fla. 1955).
At the hearing in this cause the wife testified that throughout the marriage the parties had placed their funds into a common account, from which living expenses for the family were paid. The insurance settlement occasioned by the wife's injury went into this common account, and it was from this common account that funds were drawn for the purchase of the sailing vessel in which the wife claims a special equity. On these facts the trial court found that the sailing vessel had been purchased with funds that were clearly connected with the marital relationship, and denied the wife's claim of a special equity. "It is well settled that the findings of the trier of fact, if supported by substantial evidence, are not to be disturbed on appeal." Vass v. Vass, 384 So.2d 950 (Fla. 4th DCA 1980), citing First Atlantic National Bank of Daytona Beach v. Cobbett, 82 So.2d 870 (Fla. 1955). See also Conner v. Conner, 439 So.2d 887 (Fla. 1983). By the same token, the amount of an alimony award and an award of attorney's fees is a matter of trial court discretion, which, if reasonable, will not be disturbed on appeal. Conner v. Conner, supra; Canakaris v. Canakaris, supra; Conner v. Conner, 464 So.2d 1314 (Fla. 1st DCA 1985). By application of the "reasonableness" test mandated by Canakaris, we find no abuse of discretion in the trial court's denial of a special equity or denial of attorney's fees to the wife, nor can we say that "reasonable men could [not] differ as to the propriety" of the amount of alimony awarded to the wife. Therefore, the *742 trial court order as to these issues is affirmed.
We reverse, however, that portion of the order providing for future reductions of alimony. Absent a clear evidentiary basis that the financial needs of the receiving spouse will change in the future, it is error to provide for an automatic reduction in future permanent periodic alimony payments. Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985); McClung v. McClung, 465 So.2d 637 (Fla. 2d DCA 1985); Ramsey v. Ramsey, 431 So.2d 258 (Fla. 2d DCA 1983), and cases cited therein; Cooley v. Cooley, 409 So.2d 533 (Fla. 4th DCA 1982). There is no evidence in this record to support a finding that the wife's financial needs will change five years hence, therefore that portion of the order directing future diminution of the amount of alimony payments is reversed. In all other respects, the trial court order is affirmed.
Affirmed in part, reversed in part.
ERVIN, C.J., and SHIVERS, J., concur.

ON MOTION FOR REHEARING
JOANOS, Judge.
Appellant has filed a motion for rehearing of this court's opinion, seeking reconsideration or a clarification of that portion of the opinion which found that an insurance settlement occasioned by the wife's injury went into a common account. We agree with appellant that a more precise statement regarding the disposition of the insurance settlement would read:
The insurance settlement occasioned by the wife's injury was put together with $10,000 from another source and used to purchase a 3-month certificate of deposit, in the total amount of $60,000. This certificate of deposit was held in the names of both parties as joint payees. Later, the funds represented by the certificate of deposit were used for the purchase of the sailing vessel in which the wife claims a special equity.
The opinion is, therefore, clarified as set forth above. Motion for rehearing is denied as this change in the opinion does not affect the outcome.
ERVIN and SHIVERS, JJ., concur.