520 So.2d 598 (1987)
Cecelia Joy ROBERTS, Appellant,
v.
Darrell ROBERTS, Appellee.
No. BN-266.
District Court of Appeal of Florida, First District.
August 13, 1987.
Rehearing Denied January 7, 1988.
Barry L. Zisser, of Zisser, Robison, Spohrer, Wilner & Harris, P.A., Jacksonville, for appellant.
Steven R. Heller, Jacksonville, and Sidney E. Lewis, Jacksonville, for appellee.
SHIVERS, Judge.
The parties to this appeal were married in Illinois in August of 1978. In 1977, prior to the marriage, the wife received $10,000 as a death benefit and deposited the money into a savings account. From that account, wife used approximately $7,500 as a downpayment on a house in Champaigne, Illinois, titled in her name. From the time of purchase in December 1977 until the parties were married in April 1978, husband lived in the house by himself, but both parties contributed to the monthly mortgage payment. The husband also contributed to painting and landscaping the house. After their marriage, husband and wife lived together in the house until it was sold the following year. Upon sale, the wife received two checks totaling $14,259.30, which were deposited into an account in both parties' names. A second house was purchased in Princeton, Illinois, prior to the sale of the first house, using a $9,806.81 loan made to wife by her father. When the proceeds from the sale of the first house were received, the wife repaid the loan to her father in full. The second house was sold in October 1979, the proceeds of the sale being $10,683.27. The money was placed in a Merrill Lynch account, where it remained until November 1980 when the marital home in Jacksonville Beach, Florida was purchased for $47,500. A downpayment of $10,776.51 was made on the Florida home.
The husband filed a petition for dissolution of marriage in April 1985, requesting partition of the marital home and adjoining *599 lot, and two parcels of jointly-owned property. In her answer, wife claimed a 100% special equity in the marital home and a one half interest in each of the two jointly-owned parcels. Wife also filed a counter-petition requesting a 100% special equity in the marital home, a one half interest in the two jointly-owned parcels, a 100% interest in the adjacent lot as lump sum alimony, rehabilitative and permanent periodic alimony, and attorney's fees. In its final judgment, the trial court awarded wife a 58.7% special equity in the marital home and adjoining lot, one half of husband's interest in the two jointly-owned parcels, and attorney's fees. Wife now appeals, raising several arguments.
First, wife argues that the trial court erred in applying Landay v. Landay, 429 So.2d 1197 (Fla. 1983) to determine special equity in this case, and asserts that the court should instead have used the approach set out in Ball v. Ball, 335 So.2d 5 (Fla. 1976). We disagree. In Ball, the wife inherited a one half interest in a house, used inherited funds to purchase the remaining one half interest from her brother, then transferred the property to herself and her husband as tenants by entireties. The supreme court held that where, as in that case, it was unrebutted that all of the consideration for the entireties property was supplied by one spouse from a source clearly unconnected with the marriage, the property would be awarded to that spouse as if the tenancy was created solely for survivorship purposes during coverture, in the absence of evidence that a gift was intended. In Landay, on the other hand, the wife made only the downpayment on the jointly-held marital home from nonmarital funds, while the mortgage was paid by both parties. In that case, the court held that a spouse who furnishes some but not all of the consideration for entireties property had, in effect, made a capital investment which would give that spouse an enhanced interest in the property. Recognizing record title as the starting point for property division, each spouse in such cases would be given an automatic 50% interest upon dissolution. In the event that one spouse established a special equity in the property, that spouse would also take a portion of the other spouse's 50% interest, according to the formula set out by the court. Landay specifically held that the decision in Ball was not meant to imply that a special equity could not be found where less than all of the consideration was furnished by one spouse.
The facts in the instant case warrant application of the formula used in Landay. Here, the parties purchased the marital home in Jacksonville as tenants by the entireties with a downpayment of $10,776.51, approximately $7,500 of which was traceable to wife's separate, nonmarital funds. Thus, as in Landay, one spouse furnished some, but not all, of the consideration for entireties property. Beginning with record title, wife established an extraordinary contribution, making her entitled to a special equity of one half the ratio of that contribution to the purchase price of the home. Landay, supra.
Alternatively, wife argues that she was entitled to a 100% interest in the house as lump sum alimony, in order to achieve an equitable distribution. In light of the facts, we find that an equitable distribution was reached through the court's award to the wife of a special equity in the house, and that the trial court acted within its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Last, in applying the Landay formula to this case, the trial court found that one half of the ratio of wife's contribution of $7,207.45 to the sale price of $41,006.50 equalled 8.7%, giving wife a total interest in the home of 58.7%. Assuming the Landay formula to apply, wife argues that the court incorrectly used the figure of $41,006.50 (the sale price of the Champaigne, Illinois house) as opposed to $35,200 (the purchase price of the Champaigne house). She also argues that the evidence in the record established her total contribution to that house to be $7,907.45, rather than $7,207.45. We agree that the trial court incorrectly used the sale price rather than the purchase price. However, the correct figure to be used is $47,500  the purchase *600 price of the marital home in Jacksonville  since it is that house to which wife claims entitlement to a special equity. Since the evidence in the record conflicts as to whether the amount of wife's downpayment on the first home was $7,207.45 or $7,907.45, we remand the matter for the trial court to entertain more evidence on that issue. Upon determination of the correct amount of the downpayment on the first home, the trial court should then use that amount, along with the $47,500 purchase price of the Jacksonville home, to recalculate the wife's special equity according to the formula set out in Landay v. Landay, supra.
THOMPSON and NIMMONS, JJ., concur.