531 So.2d 1058 (1988)
Cayetano TERREROS, Appellant,
v.
Deborah TERREROS, Appellee.
Nos. 88-425, 88-497.
District Court of Appeal of Florida, Third District.
October 11, 1988.
*1059 Mark V. Silverio, Miami, for appellant.
Solove & Solove and Robert Solove, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
Cayetano Terreros appeals the trial court's entry of a Final Judgment Dissolving Marriage. He asserts the trial court erred in two respects: first, by awarding his former wife, Deborah Terreros, a special equity in the marital home; and second, by ordering him to pay Mrs. Terreros's attorney's fees. We reverse the award of a special equity in the marital home, but affirm the grant of attorney's fees.
The parties were married on July 19, 1976. At the time of the marriage, Mrs. Terreros owned two-and-a-half acres of land [Redlands property] she had received as part of a property settlement agreement she executed during proceedings to dissolve a prior marriage. In January 1977, Mrs. Terreros sold the Redlands property for $20,000; she received $5,500 as a down payment from the purchaser and took back a twenty-year mortgage with payments of $160.25 per month. This money was deposited in the parties' joint bank accounts.
In 1978, the parties purchased the marital home as tenants by the entireties. The down payment and monthly mortgage payments were made from the parties' joint accounts. During the dissolution hearing, Mrs. Terreros sought to establish a special equity in the marital home. She testified that proceeds from the sale of her Redlands property were used as the down payment for the marital home and the monthly mortgage payments she received from the Redlands property contributed to mortgage payments on the marital home. She testified that she placed the funds she received in the parties' joint accounts and did not maintain them separately. Mr. Terreros did not testify with respect to the down payment on the marital home; however, he stated that it was his understanding that the mortgage payments from the Redlands property were deposited in the parties' joint accounts and were used to defray all the parties' expenses, including the mortgage payments on the marital home. After considering the testimony and evidence, the trial court awarded Mrs. Terreros a special equity in the marital home equal to the sums she had received from the Redlands property and had used for making the down payment and mortgage payments on the marital home.
The issue for determination is whether funds commingled with funds acquired during marriage retain their separate character as property belonging to the spouse who acquired them from a source unconnected with the marriage. We hold they do not.
Record title is the starting point for division of property, Ball v. Ball, 335 So.2d 5, 7 (Fla. 1976), but not necessarily the dispositive factor. Ball, 335 So.2d at 7. If one spouse is able to establish that all or part of the consideration for a piece of marital property came from a source clearly unconnected with the marriage, that spouse is entitled to a special equity in the property to the extent of his or her extraordinary contribution. Landay v. Landay, 429 So.2d 1197 (Fla. 1983); Ball, 335 So.2d at 7. The spouse claiming the special equity has the burden of demonstrating an interest beyond a reasonable doubt. Lindley v. Lindley, 84 So.2d 17, 20 (Fla. 1955); Antonini v. Antonini, 473 So.2d 739 (Fla. 1st DCA 1985), review denied, 484 So.2d 7 (Fla. 1986). To demonstrate entitlement to a special equity, the claimant must trace *1060 the separate funds asserted to have been used to purchase jointly held assets. Landay, 429 So.2d at 1199.
In the present case, the parties held title to the marital home in both their names, as tenants by the entireties. Mrs. Terreros's testimony supported her claim that she brought the funds to the marriage and placed the funds from the Redlands property in the parties' joint bank accounts. Once the funds from the Redlands property were placed in the joint bank accounts, however, they became so intermingled with the parties' joint funds that they lost their separate identity and become untraceable. Vandegrift v. Vandegrift, 477 So.2d 638 (Fla. 5th DCA 1985); Farkas v. Farkas, 452 So.2d 963 (Fla. 3d DCA 1984); Hottman v. Hottman, 418 So.2d 304 (Fla. 4th DCA 1982). As a result, Mrs. Terreros was unable to establish that the funds remained solely her property and were not part of the marital assets. Accordingly, we reverse the trial court's award of a special equity in the marital home.
Mr. Terreros also appeals the trial court's award of attorney's fees to Mrs. Terreros. The trial court found that during the marriage, Mrs. Terreros was financially dependent on her husband. She is a full-time student with a part-time job paying $7,200 a year, whereas Mr. Terreros has his own business from which he earns approximately $50,000 a year. In light of the disparate financial positions of the parties, we cannot say that the trial court abused its discretion in awarding Mrs. Terreros attorney's fees. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); § 61.16, Fla. Stat. (1987).
For these reasons, we affirm the attorney's fees award, but reverse the special equity award. In light of our ruling, we remand the cause to enable the trial court to reevaluate all its awards.
Affirmed in part; reversed in part; remanded with directions.