PER CURIAM.
Appellant wife seeks reversal of certain aspects of the trial court’s decree effecting a division of property, and declining to award alimony, in the dissolution of the parties’ marriage. We affirm.
The parties entered into a stipulation providing that “[b]oth parties agree to be restored to their respective pre-marital conditions in so far as giving back to each other what each brought to the marriage (if special equity) and any remainder by way of increased value will be equally divided. This includes the marital home, stocks and coin collection.” The trial court awarded special equity in the parties’ real estate and in certain stocks, and divided the remainder of the marital property between the parties. Appellant contends, among other things, that the trial court erred by failing to award sufficient credit for funds brought by her to the marriage and deposited in the parties’ joint bank accounts, and erred by failing to divide appellee’s pension payments between the parties.
We conclude no error has been shown. Special equity was properly awarded to appellant to the extent her separate, nonmarital funds were traceable to a specific asset.[1] See Roberts v. Roberts, 520 So.2d 598, 599 (Fla. 1st DCA 1987) (special equity awarded where down payment on marital home provided from wife’s separate, nonmarital funds); Gregg v. Gregg, 474 So.2d 262, 264-65 (Fla. 3d DCA 1985) (spouse’s nonmarital funds supplied part of consideration for purchase of farm proper *119 ty). Aside from the foregoing, the parties’ funds, including the funds brought to the marriage by appellant, were for years held in various joint accounts, the funds being utilized by the parties for living and other expenses in the course of the marriage.[2] No special equity attaches in such circumstances. See Terreros v. Terreros, 531 So.2d 1058, 1060 (Fla. 3d DCA 1988).
As to the pension, a portion of which was attributable to the period of the marriage, the trial court properly considered it in the context of the other marital assets in fashioning a scheme of equitable distribution. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). We have examined the other contentions of appellant and conclude that no reversible error has been shown.
AFFIRMED.

. Credit was awarded to the extent the appellant’s separate funds were the source of the down payment for the parties' marital home, in which appellant was awarded special equity.

. During the course of the dissolution, the parties by agreement divided their remaining cash balances equally. The parties’ other marital property was allocated by court order.