552 So.2d 958 (1989)
Colleen W. HOFFMAN, Appellant,
v.
George Pearson HOFFMAN, Appellee.
No. 88-2224.
District Court of Appeal of Florida, First District.
November 9, 1989.
Rehearing Denied December 18, 1989.
Bill A. Corbin, Blountstown, for appellant.
Paul G. Komarek, of Daniel, Komarek & Martinec, Panama City, for appellee.
WILLIS, BEN C. (Ret.), Associate Judge.
This is an appeal from a final judgment of dissolution in which the wife seeks reversal of the finding of the trial judge that the Florida court had jurisdiction of the case. Also, on the merits, the award of property and alimony to the wife is challenged as insufficient and not in accord with equitable considerations.
The first issue is whether or not there is substantial competent evidence amounting to clear and positive proof of the statutory residence of six months of the petitioning husband next before the filing of the action. Section 61.021, Florida Statutes. Though there was much conflicting evidence, it appears that there was. The plaintiff husband testified he formed the intent to make Florida his residence on November 1, 1986. It was undisputed that both parties came to Bay County during that November and opened a checking account in a Bay County Bank. They had bought a beach house in late June 1986 and had moved furniture there in September. After returning to North Carolina following opening of the bank account they returned to Bay County in late December 1986 when both parties applied for and received Florida driving licenses and registered as voters in Bay County. In February 1987 they applied for and received homestead exemption on the beach house. A 1986 joint income tax return of the parties was filed, stating a Panama City Beach address, which was a rented mailbox. In March 1987 Mr. Hoffman responded to a summons for jury service in Bay County but was not selected on a trial panel.
During this period the husband was physically in Bay County from time to time, and he states he was at the Florida house at least twice a month from the time the furniture was moved in 1986. The longest period he was in Florida in the six months before filing the dissolution action on June 26, 1987 was in June 1987. He states he was there thirty days or so in June extending into July.
This evidence and the facts elicited from it are legally sufficient to sustain the trial court's finding of jurisdictional residence prescribed by statute. There is much evidence of the husband's activity in North Carolina during that time, but his actual presence and other acts clearly indicative *959 of Florida residence are adequately supportive of the trial court's action.
The adjudications on the merits in awarding property and alimony to the wife are within the bounds of sound judicial discretion. This was a marriage of just over a year's duration and there was a significant disparity in the spouses' ages  he being 65 and she 53. Appellate judges cannot substitute their judgment for that of the trial judge who had the parties before him and viewed and considered the evidence firsthand. This writer would probably have been disposed to have been more generous in awarding rehabilitative alimony to the wife. However, the trial court's logic is sound and there is neither failure to conform to the law nor an exercise of abuse of discretion in the judgment rendered.
The judgment is AFFIRMED.
SHIVERS, C.J., concurs.
ERVIN, J., dissents with opinion.
ERVIN, Judge, dissenting.
I respectfully dissent. Initially, I disagree with the majority's disposition of the jurisdictional issue. The governing statute for purposes of residence in a dissolution of marriage action is Section 61.021, Florida Statutes (1987), which provides:
To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition.
The matter of residence for the requisite time period is jurisdictional, and jurisdiction cannot be acquired or exercised by agreement or admission of the parties. Kutner v. Kutner, 159 Fla. 870, 33 So.2d 42 (1947). As this court explained in Wise v. Wise, 310 So.2d 431, 432 (Fla. 1st DCA 1975):
To obtain a dissolution of marriage, the party filing the proceeding must reside in Florida for six months before filing the petition. Section 61.021, Florida Statutes. Residence for the statutory period is jurisdictional and must be alleged and proved. An admission of residence by an adverse party's responsive pleading cannot substitute for proof. Evidence of the residence requirements of Section 61.021, Florida Statutes, must be corroborated.
(Citations omitted.) See also Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694 (1929); Wade v. Wade, 93 Fla. 1004, 113 So. 374 (1927); Miller v. Eatmon, 177 So.2d 523, 526 (Fla. 1st DCA 1965).
This court has held that "[t]he test of residency in Florida is physical presence in Florida and the concurrent intent to be a permanent resident." Cruickshank v. Cruickshank, 420 So.2d 914, 915 (Fla. 1st DCA 1982). See also Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 368 (Fla. 1955); Eckel v. Eckel, 522 So.2d 1018, 1020 (Fla. 1st DCA 1988). "Residence for purposes of dissolution of marriage means an actual presence in Florida coupled with an intention at that time to make Florida the residence. Thus, the residence requirement is not satisfied by the mere maintenance of a vacation or other temporary home in this state." Gillman v. Gillman, 413 So.2d 412, 413 (Fla. 4th DCA 1982) (citation omitted).
The rationale underlying the jurisdictional residency requirement in dissolution proceedings is as follows:
Florida has a compelling state interest in requiring a provable durational residence so that Florida may avoid intrusion upon the rights and interest of a sister state that might otherwise be paramount while still insuring the integrity of its judicial decrees as against future collateral attack in distant courts.
Caizza v. Caizza, 291 So.2d 569, 571 (Fla. 1974), cert. denied, 420 U.S. 907, 95 S.Ct. 825, 42 L.Ed.2d 836 (1975). Accord Shiffman v. Askew, 359 F. Supp. 1225, 1234-35 (M.D.Fla. 1973), aff'd, Makres v. Askew, 500 F.2d 577 (5th Cir.1974).
The complaining party bears the burden of proof of residency for the statutory period preceding commencement of the action. Fazio v. Fazio, 66 So.2d 297, 298 (Fla. 1953). Such proof cannot be established by the complainant's uncorroborated testimony. Phillips v. Phillips, 146 Fla. 311, 316, 1 So.2d 186, 191 (1941). Furthermore, residency for section 61.021 purposes must be established by "clear and positive" evidence, *960 i.e., "clear and convincing" evidence. Beaucamp v. Beaucamp, 508 So.2d 419, 421 (Fla. 2d DCA 1987) (citing Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 369 (Fla. 1955)). Whether a party is a resident within the meaning of section 61.021 "is both a question of law and fact to be settled or determined from the facts of each particular case." Fowler v. Fowler, 156 Fla. 316, 320, 22 So.2d 817, 819 (1945).
The record in this case indicates the parties probably intended to make Florida their legal residence once the husband retired and the wife's eighteen-year-old daughter finished school. However, it is clear that neither party was actually physically present in the state for either the statutory six-month period prior to filing the petition, or at any earlier period of time. Although there is no absolute test by which Florida residency may be determined, the statute and cases on point emphasize that residency is established by a showing of (1) an actual physical presence in the state, coupled with (2) a concurrent intent to make Florida one's legal residence. In this case, the husband took the appropriate legal steps to demonstrate the intent to become a Florida resident, but he failed to demonstrate an actual physical presence in the state for the requisite six-month period before filing his petition. In that the husband did not establish the jurisdictional fact of residence, the trial court had no legal authority to enter the final judgment of dissolution.
Assuming only for the sake of argument that the requisite jurisdiction has been demonstrated, I dissent as well on the merits to the trial court's disposition of the property owned by the respective parties. In so concluding, I consider it necessary to restate some fundamental principles relating to equitable distribution of marital assets.
All assets acquired during marriage, other than property from a premarital or independent source, are "marital assets," Canakaris v. Canakaris, 382 So.2d 1197, 1199 (Fla. 1980); Gallagher v. Gallagher, 399 So.2d 75 (Fla. 5th DCA), dismissed, 407 So.2d 1103 (Fla. 1981). On the other hand, an asset acquired before marriage is separate property and retains its character as such, absent an express or implied transfer of all or any portion of it to the other spouse. Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984); 1 B. Abrams, Florida Family Law § 21.10[2] (1988). By the same token, a special equity is created in property acquired during marriage by a showing that all of the consideration for such property was supplied by one spouse from a source totally unconnected with the marital relationship. Ball v. Ball, 335 So.2d 5 (Fla. 1976); Gardner, 452 So.2d at 984.
Nevertheless, property acquired by joint funds during marriage may be considered a marital asset even if it is held in the name of one spouse. See Gallagher, 399 So.2d at 77 (on remand, trial judge directed to reconsider question of whether stock was marital asset, because it was purchased out of joint funds, although titled in the wife's name only). Similarly, funds realized from separately held property that is placed in a joint bank account or a common fund does not retain its separate character. Antonini v. Antonini, 473 So.2d 739, 741 (Fla. 1st DCA 1985), review denied, 484 So.2d 7 (Fla. 1986) ($50,000 personal injury settlement lost its identity as separate property when it was commingled with marital property consisting of $10,000 in cash and used to first purchase a certificate of deposit and later to purchase a sailing vessel); Propps v. Propps, 547 So.2d 1264 (Fla. 3d DCA 1989) (security investment placed in joint account by former husband constituted marital property subject to equitable distribution); Terreros v. Terreros, 531 So.2d 1058, 1059 (Fla. 3d DCA 1988) (funds derived from the sale of the wife's separate real property lost their separate identity and became untraceable when they were deposited into the parties' joint bank accounts). To determine whether property is separate or marital for purposes of equitable distribution, the crucial inquiry "is whether the property was legally and beneficially acquired by either or both of the parties during the marriage." Bowen v. Bowen, 543 So.2d 1284, 1286 (Fla. 2d DCA 1989) (citing Buttner v. Buttner, 484 So.2d 1265, 1266-67 (Fla. 4th DCA), review denied, 494 So.2d 1149 (Fla. 1986)) *961 (orange grove, for which husband purchased option to buy prior to marriage, which he exercised after the marriage, was found to be marital property even though the husband's separate funds were used to buy the option and possibly make the down payment, because all other sums, including mortgage payments and care and maintenance, were paid after the marriage).
In the instant case, the husband entered into an agreement for the purchase of the house in Panama City Beach in May 1986. The parties hereto were married on June 14, 1986. A portion of the proceeds from the sale of the farm owned by the husband before the marriage was placed in the parties' joint bank accounts, as was $22,000, which the husband received for acting in the capacity as executor of his brother's estate. Although the purchase of the Panama City Beach property was closed in July 1986, after the marriage of the parties, the wife's name was not included on the deed. The husband testified that the $22,000 in the parties' joint account was used for the purchase of the Panama City Beach property.
Initially, one could conclude that the Panama City Beach property is the separate property of the husband; the record, however, discloses the following additional facts: the agreement to purchase the home in Panama City Beach was entered in contemplation of the marriage; the property was purchased with funds from the parties' joint accounts, with the closing occurring after the marriage, and the house being made available for use by the adult children of both spouses; the wife signed the application for Florida homestead exemption, and worked during the first nine months of the marriage; and her salary checks, child support payments, and mortgage payments from her separate property were placed in the parties' joint accounts, from which the husband paid the parties' living expenses. Finally, the wife testified that her car was sold at the husband's insistence, and the proceeds therefrom went into the parties' joint bank account. Although the record reflects that the husband's contributions to the joint bank accounts exceeded those of the wife, the property purchased with funds from the joint account should be considered a marital asset, subject to equitable distribution, due to the intermingling of each party's funds in the joint accounts. Based upon the foregoing facts, and in light of the decisions in Antonini, Bowen, Propps, and Terreros, I conclude that the trial court improperly awarded the Panama City Beach property to the husband, "free of any claim of the wife."
In summary, the trial court improperly exercised jurisdiction in this case, because, although the record discloses the parties had a present intent to convert a vacation home into a permanent residence at some future point in time, neither party was actually physically present in Florida for the jurisdictional time period. Alternatively, I would reverse the property award, because the trial court's failure to allow the wife any interest in the Panama City Beach property does not accord with the law as set forth in Antonini, Bowen, Propps, and Terreros.
Finally, I disagree with the majority's decision to deny the wife's motion seeking an appellate attorney's fee. The record reflects that the parties are in such disparate financial positions that a fee award to the wife would be proper. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); O'Steen v. O'Steen, 478 So.2d 489 (Fla. 1st DCA 1985); Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987).