GROSSMAN, MEL, Associate Judge.
Appellant, Beverly Ballew, appeals the trial court’s final judgment of dissolution of marriage.
Guy Ballew and Beverly Ballew (hereinafter referred to as husband and wife, respectively) were married for approximately eleven years and had no children. The wife petitioned for a dissolution of marriage in February 1993 and the husband answered and counter-petitioned, making claims of special equity and alimony. At trial, the husband and wife were the only witnesses.
In the final judgment of dissolution of marriage, the trial court found, inter ala, that approximately twenty-two acres of real property in North Carolna titled solely in the husband’s name were non-marital property.
We find that the trial court committed reversible error in holding that the North Carolina property was non-marital property *1172 and, therefore, reverse based on the following.
A portion of the property in North Carolina, a parcel referred to as the “Welsh” property, was purchased during the marriage in June 1991. The wife’s testimony revealed that the parcel was purchased for ten thousand dollars paid from the parties’ joint checking account. Title to this property, although purchased with funds from the joint account, was not placed in both of their names, but in the husband’s name alone.
It is well settled that property purchased with joint funds is a marital asset. Hoffman v. Hoffman, 552 So.2d 958 (Fla. 1st DCA 1989). Further, section 61.075(5)(a), Florida Statutes (1995) provides that an asset acquired during the course of a marriage, even if titled in the name of only one spouse, is a marital asset, unless it is demonstrated that the property was acquired from non-marital assets or income therefrom. The wife’s testimony revealed that the property was purchased with joint funds.
The husband conceded that the wife is correct in her assertion that the Welsh property was purchased with marital funds, but argues that the determination that the property is non-marital property constitutes harmless error due to the fact that the land is part of the approximately twenty-two contiguous acres upon which his non-marital home is situated. We disagree.
The evidence clearly established that the Welsh property was purchased with marital funds and should have been equitably distributed. Therefore, the wife is entitled to and should receive five thousand dollars, said sum representing half of the purchase price of the Welsh property. The failure to include said property in the final judgment as marital property was error and we therefore must reverse that finding. The judgment is, in all other respects, affirmed.
AFFIRMED IN PART and REVERSED IN PART.
STEVENSON and GROSS, JJ., concur.