687 So.2d 885 (1997)
Julie Marie COPAS, Appellant,
v.
Michael Eugene COPAS, Appellee.
No. 96-00624.
District Court of Appeal of Florida, Second District.
January 29, 1997.
*886 Paul A. Rocuant of Law Offices of Paul A. Rocuant, Naples, for Appellant.
Cynthia Byrne Hall of Silverio & Hall, Naples, for Appellee.
BLUE, Judge.
Julie Marie Copas, the Wife, appeals an order that quashed service of process on Michael Eugene Copas, the Husband, and dismissed her amended petition for dissolution of marriage. Because the evidence was sufficient to establish her Florida residency and because the trial court had jurisdiction but failed to follow the requirements of the Uniform Child Custody Jurisdiction Act (UCCJA), we reverse.
The Husband filed a petition for dissolution in Tennessee and, several days later, the Wife filed a petition in Florida. After a hearing, the Florida trial court dismissed the action, holding that the Wife was not a Florida resident and that Tennessee had assumed jurisdiction in the prior filed action. We agree with the Wife's argument that the trial court erred in finding she was not a resident of Florida. Section 61.021, Florida Statutes (1993), requires that one of the parties to a dissolution action must reside in Florida six months before the petition is filed. A wife's residence does not necessarily *887 follow that of her husband and must be determined based on the facts of each case. Simpson v. Simpson, 339 So.2d 250 (Fla. 2d DCA 1976). Residency under section 61.021 means "an actual presence in Florida coupled with an intention at that time to make Florida the residence." Jenkins v. Jenkins, 556 So.2d 441, 442 (Fla. 4th DCA) (citation and punctuation omitted), review denied, 569 So.2d 1279 (Fla.1990). Continuous presence in the state, however, is not required for the entire six-month period. Beaucamp v. Beaucamp, 508 So.2d 419 (Fla. 2d DCA 1987). Finally, section 61.052(2) provides that corroborating evidence of residence includes a valid Florida driver's license, voter registration card, or third-party testimony.
In this case, the Wife testified that she had been a Florida resident since 1984 and intended to maintain Florida as her residence since that time although she spent summers in Tennessee. She last returned to Florida approximately five months before she filed the dissolution petition and the parties' only child was born in Florida after her return. To corroborate her residency, the Wife produced a valid Florida driver's license and voter's registration card and testified that she maintained bank accounts, auto registration, and insurance in Florida. Residency is a mixed question of law and fact. Hoffman v. Hoffman, 552 So.2d 958, 960 (Fla. 1st DCA 1989) (Ervin, J., dissenting), cause dismissed, 558 So.2d 18 (Fla.1990). We conclude that the trial court erred in finding that the Wife did not establish the required period of residency because she offered sufficient evidence of her intent and physical presence.
The Wife next argues that the trial court erred in dismissing her petition and deferring to the prior filed Tennessee action without first determining whether Tennessee was acting in substantial conformity with the UCCJA. Both Florida and Tennessee have adopted the UCCJA. §§ 61.1302-61.1348, Fla. Stat.; Tenn.Code Ann. tit. 36, chap. 6, part 2. Under the act, a court has jurisdiction to decide child custody if it is the home state of the child. § 61.1308(1)(a)1, Fla. Stat.; § 36-6-203(a)(1)(A), Tenn.Code Ann. For a child less than six months old, the home state is the state in which the child lived from birth with a parent or person acting as a parent. § 61.1306(5), Fla. Stat.; § 36-6-202(5), Tenn.Code Ann. It is undisputed that the minor child was born in Florida on January 25, 1995, and has lived only in Florida with the Wife. Nevertheless, the Tennessee court determined that Tennessee was the home state of the child. Based on the undisputed facts, this finding is not supported under the UCCJA's definition of home state. Because we conclude that Florida was the child's home state under the UCCJA, the Florida court had jurisdiction under section 61.1308, Florida Statutes.
On remand, the trial court must decide whether to exercise its jurisdiction. See Siegel v. Siegel, 575 So.2d 1267 (Fla.1991) (although Florida had jurisdiction because it was home state of child, it properly deferred to prior filed proceeding in New York where the wife had already litigated the custody issue). In further proceedings, the trial court must communicate with the Tennessee court to determine if that state is acting in substantial conformity with the UCCJA and to decide where the custody issue would be more appropriately litigated. See § 61.1314(3), Fla. Stat., and § 36-6-207(c), Tenn.Code Ann. See also Hickey v. Baxter, 461 So.2d 1364 (Fla. 1st DCA 1984) (requiring strict adherence to UCCJA provisions including requirement of communication between states; because Florida and Virginia had concurrent jurisdiction, Florida should defer to Virginia where the action was first filed if that state was acting in substantial conformity with the UCCJA). It appears from the record that neither Florida nor Tennessee has followed the dictates of the UCCJA because the two courts have failed to communicate with each other as directed by each state's applicable statutes. Accordingly, we reverse.
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., and NORTHCUTT, J., concur.